Elisabeth W. TENNEY, (Plaintiff) Respondent,

v.

AMERICAN LIFE AND ACCIDENT INSURANCE COMPANY, a Corporation, (Defendant) Appellant.

No. 30498.

St. Louis Court of Appeals. Missouri.

Sept. 20, 1960.

Motion for Rehearing or to Transfer to Supreme Court Denied Oct. 17, 1960.

Claude K. Rowland, Harry Gershenson, St. Louis, for appellant.

Tenney, Dahman & Smith, and E. H. Tenney, Jr., St. Louis, for respondent.

JAMES D. CLEMENS, Special Judge.

This is an action on a hospitalization insurance policy. The issue: Does the policy limitation of $150 per month limit benefits to $5 per day?

Plaintiff had been hospitalized for ten days at a charge of $14 per day, and made claim for $140. The defendant denied liability for more than $5 per day. The policy provided:

"Monthly Hospital Room, Board and General Nursing Care incurred per person not to exceed $150.00.

\*   \*   \*   \*   \*   \*

"1. Monthly Hospital Room and Board. If the insured \* \* \* shall be hospitalized \* \* \* the Company will pay the actual expense incurred for room, board and general nursing care at hospital at a rate of not to exceed One Hundred Fifty Dollars per month for the period of such hospital confinement. \* \* \*"

The issue was submitted below upon the pleadings and a stipulation of facts. Judgment was for plaintiff for $140, and defendant appealed.

Plaintiff contends that if there is any doubt as to her right to full recovery, such doubt rests upon an ambiguity between the two quoted clauses of the policy. She cites cases holding that an ambiguous insurance contract is to be construed favorably to the insured. Defendant counters by saying there is no ambiguity. It cites cases holding that where there is no ambiguity there is no need for construction. So, the conflict here is whether or not there is an ambiguity.

The word "ambiguity" means "duplicity, indistinctness or uncertainty of meaning of an expression used in a written instrument." Peters v. Briska, Mo.App., 191 S. W.2d 993, 996, quoting Bouv. Law Dict. Rowle's Third Revision p. 186. See also State ex rel. Northwestern Mutual Life Ins. Co. v. Bland, 354 Mo. 391, 189 S.W.2d 542 (23), 161 A.L.R. 423; and Chamberlain v. Mutual Benefit Health & Accident Ass'n, Mo.App., 260 S.W.2d 790(3).

The quoted portion of the insuring clause, in large type, provides for monthly hospital benefits not to exceed $150. Then later the quoted condition clause, in smaller type, provides for payment of actual hospital expenses at a rate not to exceed $150 per month. The insurer ignores the first clause, and contends that the latter clause clearly limits its liability to $5 per day. If the insurer desired to so limit its liability to $5 per day candor would have required it to say so, rather than using the roundabout phrase "at a rate not to exceed $150.00 per month." But, even if we were to interpret this clause as insurer would have us do, there is still an ambiguity, because the more prominent insuring clause promised to pay *monthly hospital expenses not to exceed $150*. A fair interpretation of that clause seems to us to mean a promise to pay hospital expenses of as much as $150 in any given month.

 Reading both clauses, we find there is a reasonable uncertainty of meaning as to the amount of maximum benefits. So, there is an ambiguity. In cases of an ambiguity in the restrictive provisions which limit an insured's liability, such provisions will be construed against the insurer. Boecker v. Aetna Casualty & Surety Co., Mo.App., 281 S.W.2d 561(1).

Accordingly, we rule that the plaintiff's recovery should not be limited to $5 per day, and that she properly had judgment for $140. The judgment is ordered affirmed.

WOLFE, P. J., and RUDDY, J., concur.

ANDERSON, J., not participating.