FEDERAL INSURANCE COMPANY, Plaintiff,

v.

Charles Norman SPEIGHT and Pauline B. Speight, Defendants.

Civ. A. No. 1081.

United States District Court
E. D. South Carolina,
Columbia Division.

Aug. 2, 1963.

E. W. Mullins, Nelson, Mullins, Grier & Scarborough, Columbia, S. C., for plaintiff.

Edward A. Harter, Jr., Columbia, S. C., for defendants.

WYCHE, District Judge.

This is a declaratory judgment action brought by the plaintiff, a New Jersey Corporation, against the defendants, citizens and residents of South Carolina, for adjudication of plaintiff's liability with regard to a policy of liability insurance issued by the plaintiff to the defendant Charles Norman Speight, also known as Norman C. Speight, and under which his wife, the defendant Pauline B. Speight, was also an insured.

The Court has jurisdiction of the case because of the diversity of citizenship

between the plaintiff and the defendants and the requisite jurisdictional amount in controversy is present.

The matter is before me upon motion by the plaintiff for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, or in the alternative, for summary judgment in favor of the plaintiff under Rule 56.

It appears from the admissions made in the pleadings, and from the affidavit filed in connection with the motion for summary judgment, as well as from admissions made by counsel for the defendants in his oral argument before me, and in his written brief filed in connection therewith, that the following facts are undisputed:

On or about May 13, 1961, the plaintiff issued and delivered to the defendant Charles Norman Speight, also known as Norman C. Speight, and in which his wife, the defendant Pauline B. Speight, was also an insured, its automobile liability policy No. FSF 17161192, in the minimum limits required by the statutory law of South Carolina, and which policy was for a period of twelve months from the date of its issue. Attached to this policy was an Uninsured Motorist Endorsement in keeping with the requirements and provisions of the statutory law of South Carolina relating thereto.

Thereafter, on or about June 12, 1961, the defendant Charles Norman Speight, while operating his 1958 Buick automobile described in the aforesaid automobile liability policy, in which his wife, the codefendant Pauline B. Speight was a passenger, was involved in a collision with a 1960 Plymouth automobile operated by one Robert A. Jones. This collision occurred in Columbia, South Carolina, and resulted, as the defendants contend, in property damage and personal injuries to both of the defendants.

At the time of the collision on June 12, 1961, Robert A. Jones and the 1960 Plymouth automobile he was operating were covered by automobile liability insurance issued by the Universal Automobile Insurance Company, through its policy No. CCA 179055, with the minimum limits required by the statutory law of this State, which company filed proof of the insurance coverage thereunder by issuance of a "SR–22" with the South Carolina Highway Department. At the time Universal Automobile Insurance Company was licensed in the State of South Carolina as a fire and casualty insurance company and was authorized to do business in the State of South Carolina.

Subsequently, about nine months later, on or about the 12th of March, 1962, Charles Norman Speight and his wife Pauline B. Speight, the defendants herein, each instituted actions against Robert A. Jones in the Court of Common Pleas for Richland County seeking the recovery of damages allegedly sustained in the accident of June 12, 1961. In his complaint the defendant Charles Norman Speight seeks to recover damages in the amount of Fifteen Thousand and 00/100 ($15,000.00) Dollars, and in the complaint of his wife, Pauline B. Speight, she seeks to recover damages in the amount of Twenty Thousand and 00/100 ($20,000.00) Dollars. Universal Automobile Insurance Company has never denied coverage under its policy covering the said Robert A. Jones and it employed Messrs. Turner, Padget & Graham, attorneys in Columbia, to represent Robert A. Jones in each of these actions, and they filed an answer to each complaint on or about May 3, 1962.

Thereafter, on August 6, 1962, an Order was entered in the Superior Court No. 5 of Marion County, Indiana, finding the Universal Automobile Insurance Company insolvent and directing that the Insurance Department of Indiana take possession of that company for the purpose of rehabilitation. On September 4, 1962, by Order of the Resident Judge of the Fifth Judicial Circuit of the State of South Carolina, the State Insurance Commissioner for the State of South Carolina, was made receiver for any assets of the Universal Automobile Insurance Company in this State and this company was thereby declared insolvent.

On October 23, 1962, the defendants herein made claim against the plaintiff under the Uninsured Motorist Provisions of their policy to be paid such amount as each of them might recover in the suits they had previously instituted against Robert A. Jones for the damages which they allegedly sustained as a result of the negligent acts of Robert A. Jones in the collision of June 12, 1961.

The suits against Robert A. Jones do not involve and will not decide the question as to whether or not he was, or was not, an uninsured motorist at the time of the collision.

Subsequently, on or about March 15, 1963, Charles Norman Speight and his wife Pauline B. Speight, each brought a suit in the Court of Common Pleas for Richland County against the Federal Insurance Company without joining the above mentioned Robert A. Jones as a party defendant, and in each of which the complaint of the plaintiff seeks to recover in a direct action against this plaintiff the amount of the damages which they each claim to have sustained in the above mentioned automobile collision on the theory that the said Robert A. Jones was at said time an uninsured motorist. The defendant in those actions, which is the plaintiff herein, demurred to the complaint in each action on the ground that under the statutory provisions providing for the uninsured motorist coverage the plaintiffs could not maintain an action against their own insurance carrier unless and until they had first established the liability of the so-called uninsured motorist. Judge Grimball sustained the defendant's demurrer in each case and dismissed the complaint. Plaintiff in each case has served notice of intention to appeal to the Supreme Court but the appeal has not yet been perfected.

The plaintiff seeks to have this Court declare that it owes no coverage to the defendants herein under the Uninsured Motorist Provisions of its policy since the defendants were not, at the time in question, involved in a collision with an uninsured motorist.

The defendants contend that the motions should be denied on the grounds, first, that the Court should not decide the issue because the question involved depends upon a state statute which has not been construed by the Supreme Court of South Carolina, and that there are actions now pending between the parties, one of which can be carried to the State Supreme Court and an authoritative decision obtained as to its meaning; and, second, that should the Court conclude to decide the case on its merits it should hold that the Statute Law of South Carolina providing for the uninsured motorist coverage requires insurance that insures, and not merely the policy of a company that becomes insolvent before it pays.

As to the first contention made by the defendants it is, of course, discretionary with the District Court whether or not it should adjudicate a declaratory judgment action. But where, as here, there is a real controversy between the parties as to the coverage under the uninsured motorist provision of the policy in question and where the facts in the case clearly indicate that this declaratory judgment action can settle all controversies as to the insurance coverage, the Court should hesitate to decline to hear the case merely because there is a possibility that at sometime in the future the defendants might be able to obtain an adjudication in the State Court as to the coverage under the policy. Cf. State Farm Mutual Automobile Insurance Co. v. Drewry, W.D.Va., 191 F.Supp. 853 (1961).

The actions which the defendants claim would determine whether or not Robert A. Jones was an uninsured motorist within the meaning of the provisions of the policy, have been dismissed on demurrer. It is true that the defendants herein (who are plaintiffs in the actions referred to) have served notice of intention to appeal to the Supreme Court from the Order dismissing their complaints but their appeal has not yet been perfected and there is no assurance that the Supreme Court will reverse the Order of Judge Grimball dismissing their

complaints. As the matter now stands it is doubtful whether there is any action pending in which the question can be presented to the Supreme Court of South Carolina. Under the circumstances existing here I am of the opinion that I should entertain jurisdiction of this action and decide the question of coverage.

The sole question for determination is whether Robert A. Jones was, at the time of the collision in which the defendants claim to have been injured, an "uninsured motorist" under the laws of this State and the provisions of the policy of liability insurance issued by the plaintiff to the defendant in conformity with the statutory law of South Carolina requiring the uninsured motorist provision.

Before a person can claim under or receive the benefits of Uninsured Motorist Coverage in this State it seems clear that such person must have been involved in an accident with the owner or operator of an "uninsured automobile". The defendants claim that at the time of the accident referred to with Robert A. Jones he was insured by a company which was on the verge of insolvency and was subsequently placed in receivership and declared insolvent and that hence Robert A. Jones was, in consequence, an "uninsured motorist".

The Motor Vehicle Safety Responsibility Act, Section 46–702(1–2), Code of Laws of South Carolina, 1952 (1960 Cumulative Supplement) defines an insured motor vehicle as follows: "(1–2) Insured motor vehicle means a motor vehicle as to which (a) there is bodily injury liability insurance and property damage liability insurance, both in the amounts specified in §§ 46–750.21 to 46–750.30 as amended from time to time, issued by an insurance carrier authorized to do business in this State, * * *."

Section 46–750.21(3), Code of Laws of South Carolina, 1952, provides: " * * * (3) Uninsured motor vehicle means a motor vehicle as to which there is: (a) No bodily injury liability insurance and property damage liability insurance both in the amounts specified in § 46–750.23 as amended from time to time, * * *."

Section 46–702(12), Code of Laws of South Carolina, 1952, provides: "(12) Uninsured motor vehicle means a motor vehicle as to which (a) there is no bodily injury liability insurance and property damage liability insurance, both in the amounts specified in §§ 46–750.21 to 46–750.30 as amended from time to time, issued by an insurance carrier authorized to do business in this State, * * *."

It is conceded that the definition of "uninsured automobile" contained in the policy involved provides: "The term 'uninsured automobile' means: (1) an automobile with respect to the ownership, maintenance or use of which there is, in the amounts specified in the South Carolina Motor Vehicle Safety Responsibility Act, neither (i) cash or securities on file with the South Carolina State Highway Department nor (ii) a bodily injury and property damage liability bond or insurance policy, applicable to the accident with respect to any person or organization legally responsible for the use of such automobile; * * * but the term 'uninsured automobile' shall not include: (i) an automobile defined herein as an 'insured automobile'; * * *."

Any cause of action which either Charles Norman Speight or Pauline B. Speight may have acquired against Robert A. Jones as a result of the accident or collision in question arose at the time of the collision, to-wit, June 12, 1961, and any right which either of them may claim against the plaintiff in this action under the laws of this State and under the uninsured motorist insurance coverage of the policy in question, must be determined by the facts existing at the time of the collision, June 12, 1961. It seems clear that at the time of such collision Robert A. Jones was "an insured motorist" having in force and effect at that time a liability insurance policy in the amounts required by law, issued by a company authorized to do business in the State of South Carolina, and he had fully complied with the requirements of the law as "an insured motorist". Robert A. Jones' automobile, therefore, was not "an uninsured motor vehicle" under the

language of the Statutes of South Carolina or policy provisions.

As far as I am advised the only time that this question has been adjudicated by any Court in South Carolina was in a declaratory judgment action brought by Fidelity Insurance Company against Arthur W. Crosland in the County Court for Richland County. In that case Judge Bates of that Court held that a person holding an automobile liability policy in a company which became insolvent shortly after he was involved in an accident was not an "uninsured motorist" within the meaning of the statutory law of South Carolina requiring the uninsured motorist provisions. While I am, of course, not bound by this decision, I am in agreement with Judge Bates' conclusion.

 There are numerous cases holding that the intention of the legislative body is the first rule in construing a statute and a citation of them is clearly unnecessary. Full effect must be given to each section, and the words must be given their plain meaning. Where there is no ambiguity words must not be added to or taken from the statute.

The duty of the Court to follow the plain meaning of the statute is fully set forth by the late Chief Justice Stukes in his opinion in Independence Ins. Co. v. Independent Life & Acc. Ins. Co., 218 S.C. 22, 61 S.E.2d 399. Justice Stukes summed up his conclusion by quoting with approval the following language used by Chief Justice McIver in a prior case: " 'The legislature must have intended to mean what it has plainly expressed, and consequently there is no room for construction. * * * Where the words of a statute are plainly expressive of an intent, not rendered dubious by the context, the interpretation must conform to and carry out that intent. It matters not, in such a case, what the consequences may be.' "

The Motor Vehicle Responsibility Act defining what constitutes uninsured motor vehicles was recently amended in the closing days of the 1963 South Carolina Legislature and the Amendatory Act has been approved by the Governor. The bill amends a previous law with respect to the question here involved by including the following provision: "(3) As used in this article: (A) The term 'bodily injury' shall include death resulting therefrom; (B) The term 'uninsured motor vehicle' means a motor vehicle as to which (a) there is no bodily injury liability insurance and property damage liability insurance both in the amounts specified in subsection (1) of this section, as amended from time to time, or (b) there is nominally such insurance, but the insurance carrier writing the same successfully denies coverage thereunder, or (c) *there was such insurance, but the insurance carrier who wrote the same is declared insolvent, or is in delinquency proceedings, suspension, or receivership, or is proven unable fully to respond to a judgment,* and * * *." (Emphasis added).

 It is apparent from this amendment that the Legislature realized that the existing law failed to provide for a situation where a motorist who was involved in an accident, who was insured at the time of the collision, but his insurance carrier subsequently became insolvent before the claimant could collect his damages.

In 50 Am.Jur., Title Statutes, Section 275, p. 261, it is said: "In making material changes in the language of a statute, the legislature cannot be assumed to have regarded such changes as without significance, but must be assumed to have had a reasonable motive. Where a statute is amended, it will not be presumed that the difference between the two statutes was due to oversight or inadvertence on the part of the legislature. To the contrary, the presumption is that every amendment of a statute is made to effect some purpose, and effect must be given the amended law in a manner consistent with the amendment. The general rule is that a change in phraseology indicates persuasively, and raises a presumption, that a departure from the old law was intended, and amendments are accordingly generally construed to effect a change, particularly where the wording of the statute is radically different."

It is, therefore, ordered, adjudged and decreed, That there is no liability or obligation on the part of the plaintiff Federal Insurance Company to either the defendant Charles Norman Speight, also known as Norman C. Speight, or the defendant Pauline B. Speight, under the Uninsured Motorist Laws of this State and the provisions of the plaintiff's policy issued pursuant thereto, and under which the defendants claim coverage, by reason of any injury or damage which the defendants, or either of them, may have suffered as a result of the collision with Robert A. Jones' automobile at the time and place referred to in the complaint herein, and that the motion of plaintiff for summary judgment be and the same is hereby granted.