**Elmer SWARINGIN, Plaintiff-Appellant,**

**v.**

**ALLSTATE INSURANCE COMPANY, a Corporation, Defendant-Respondent.**

**No. 32011.**

St. Louis Court of Appeals.

Missouri.

Jan. 18, 1966.

John J. Relles, Clayton, for appellant.

Paul S. Brown and Donald L. James, of Moser, Marsalek, Carpenter, Cleary & Jaeckel, St. Louis, for respondent.

CLEMENS, Commissioner.

This is an action for a declaratory judgment concerning the words "uninsured automobile." Plaintiff's petition was denied on the merits in the trial court, and he appeals.

Plaintiff and his wife were injured in a collision with an automobile negligently driven by one Patricia Adams, who then carried a policy of liability insurance with the Missouri Union Insurance Company. That company later became insolvent, thereby thwarting the plaintiff's recovery from Patricia Adams. Plaintiff's own policy with defendant Allstate Insurance Company included coverage for injuries received in a collision with an "uninsured automobile." Defendant denied liability to plaintiff, and by this action plaintiff seeks a judicial declaration that Patricia Adams

was operating an "uninsured automobile" at the time she caused the injuries to plaintiff and his wife.

The evidence further showed: The plaintiff was injured on July 12, 1959, and Patricia Adams' liability policy with Missouri Union was then in effect. Missouri Union was then having financial difficulties, but was engaging in the normal course of its business, writing policies and paying and defending claims; it continued writing policies until December 1, 1959, and it accepted and paid claims until May, 1960. But on June 27, 1960, almost a year after plaintiff's collision with Missouri Union's insured, Missouri Union was declared insolvent on motion of the Superintendent of Insurance.

Upon submission of the case, the trial court's judgment was squarely against plaintiff: "* * * The Court declares that on July 12, 1959 Patricia Adams was not the operator of an uninsured automobile within the meaning of Plaintiff's policy of insurance with Allstate Insurance Company."

By defendant Allstate's policy, it agreed to pay plaintiff up to $5,000 for bodily injuries caused by the operator of an "uninsured automobile." In the policy, that phrase was defined as an automobile on "which there is no bodily injury liability insurance applicable at the time of accident."

■ By his first point, plaintiff would lead us along the path to his conclusion that the policy definition of "uninsured automobile" includes an automobile that is not covered by liability insurance which "can be put to practical use" by the injured plaintiff. Plaintiff claims that the policy definition is ambiguous and he invokes the rule that ambiguities are to be construed favorably to the insured, so as "to fill a gap in the protection of automobile liability insurance policy holders." (Plaintiff takes those words from the case of Basore v. Allstate Insurance Company, Mo. App., 374 S.W.2d 626; but in his brief,

counsel misquotes and transposes the words of that opinion, a practice upon which we must look with distaste.) We adopt plaintiff's conclusion that ambiguities are to be construed favorably to the insured, but do not accept his premise that the policy definition is ambiguous. In 7 Am.Jur. 2d Automobile Insurance § 2, it is said:

"* * * But the rule of liberal construction in favor of the insured applies only when the contract is ambiguous and susceptible of more than one interpretation; where the language is plain and unambiguous there is no occasion for construction, and the language must be given its plain meaning. * * *"

If we can determine the intention of the parties by *interpretation* of the language used in the policy definition, we must do so. Only if that language is so ambiguous that we cannot do so, may we resort to *construction,* i. e., a determination of the parties' intention from extraneous circumstances. (See Black's Law Dictionary, 4th Ed., p. 386, for the distinction between "interpretation" and "construction.") Ambiguity arises when there is duplicity, indistinctness or uncertainty of meaning. Tenney v. American Life & Acc. Ins. Co., Mo.App., 338 S.W.2d 370(1), and cases therein cited.

■ As said, the policy defines an uninsured automobile as one on "which there is no bodily injury liability insurance applicable at the time of accident." To persuade us that the definition is ambiguous, plaintiff cites numerous definitions and synonyms of the word "applicable" and argues that its meaning is so broad that it needs to be modified by another word. He suggests "collectible" or "effective." We consider that a strained and unnatural interpretation. Even without the challenged word "applicable," the definition could not be interpreted to include automobiles which later "become uninsured." Further plaintiff's interpretation would utterly disregard and be at war with the en-

suing words "at the time of accident." Looking again to the policy definition, we find the language is plain and straightforward and susceptible of only one meaning. Therefore, we may not construe it; instead, we must interpret and apply it as the trial court did.

If support be necessary for this conclusion, we find it in each of two cases concerning a situation where the tortfeasor's liability insurer became insolvent after the injury. See Federal Insurance Co. v. Speight, U.S.Dist.Ct., E.D. South Carolina (1963), 220 F.Supp. 90 [4–8]; and Hardin v. American Mutual Fire Ins. Co. (1963), 261 N.C. 67, 134 S.E.2d 142 [3–5]. In each case, the injured plaintiff's own policy had coverage for injury by an "uninsured automobile"; and in each case, that phrase was defined in the policy as an automobile for which there was no liability insurance applicable to the accident in which plaintiff was injured. Neither definition carried the further qualifying phrase "at the time of accident" present in our case. Even in the absence of those additional words, each court ruled that the definition was plain and unambiguous, that there was no occasion for construction, and that the definition must be interpreted to exclude the tort-feasor's automobile.

By his second point, plaintiff urges us to find that the Missouri Union policy was a nullity because that insurer was insolvent at the time of plaintiff's injury. The burden was on plaintiff to show that Patricia Adams' automobile was uninsured at the time of the accident. 7 Am.Jur.2d, Automobile Insurance § 137. He did not carry this burden merely by showing that Missouri Union was in some financial difficulty before it was declared insolvent almost a year after the accident.

The scope of our review in this case, tried without a jury, is limited by Civil Rule 73.01(d), V.A.M.R.; and a reversal would be justified only if we find

the judgment of the trial court was clearly erroneous. To the contrary, we find it properly declared that plaintiff's injuries did not arise from a collision with an uninsured automobile within the meaning of plaintiff's policy with the defendant. The judgment for defendant should be affirmed.

PER CURIAM.

The foregoing opinion of CLEMENS, C., is adopted as the opinion of this court.

Accordingly, judgment is affirmed.

WOLFE, P. J., and ANDERSON and RUDDY, JJ., concur.