[Civ. No. 28803.   Second Dist., Div. Four.   Sept. 16, 1966.]

BEVERLY KATZ, Plaintiff and Appellant, v. AMERICAN MOTORIST INSURANCE COMPANY, Defendant and Respondent.

Earl I. Korchak for Plaintiff and Appellant.

Stockdale & Atkisson and B. E. Atkisson for Defendant and Respondent.

FILES, P. J.—The sole question presented here is whether the term "uninsured motor vehicle" as used in Insurance Code section 11580.2 includes a vehicle which was insured by a company which became insolvent after the vehicle's operator had become liable for damages for bodily injury.

In this action for declaratory relief plaintiff is the insured and defendant her insurer under a policy of automobile insurance which includes protection against uninsured motorists. The case was submitted to the trial court upon an agreed statement of facts, resulting in a judgment for defendant, from which plaintiff is appealing.

The stipulation of facts is not in the record on appeal, but counsel are agreed that it is correctly described in the trial court's memorandum of decision, which we quote: ██ "That on December 9, 1960, plaintiff had a policy of public liability insurance written by defendant and containing uninsured motorists coverage which, in terms, is the same as provided for by Section 11580.2 of the Insurance Code; that said

policy afforded as much but no more protection than the code. Also, on the date of the accident, plaintiff was operating the insured vehicle and involved in a collision with a vehicle owned and operated by one Compton. Also, that Compton and his automobile were covered by an insurance policy for public liability and property damage by the Universal Automobile Insurance Company of Indiana and at the time the policy was in full force and effect and that such Company had not been declared insolvent and was in operation and conducting business as a going insurance company; that thereafter plaintiff, Katz, served Compton, exercising due diligence, with a copy of a Summons and Complaint in which Katz sought recovery of damages for personal injury which said action is pending and at issue.

"That on August 6, 1962, Universal Automobile Insurance Company was declared insolvent and its affairs placed in the hands of a rehabilitator and its officers were divested of control of the company. Since that time, said Universal Automobile Insurance Company of Indiana is either unwilling or unable to respond to judgment and there exists a substantial doubt that the insurance company will ever be able to respond or able to pay.''

Counsel are further agreed that the personal injury action of Katz against Compton, referred to above, has not been compromised and has not been reduced to judgment.

The pertinent portions of Insurance Code section 11580.2 are as follows : " (a) No policy of bodily injury liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle, shall be issued or delivered in this State to the owner or operator of a motor vehicle, or shall be issued or delivered by any insurer licensed in this State upon any motor vehicle then principally used or principally garaged in this State, unless the policy contains, or has added to it by endorsement, a provision with coverage limits at least equal to the financial responsibility requirements specified in Section 16059 of the Vehicle Code insuring the insured, his heirs or his legal representative for all sums within such limits which he or they, as the case may be, shall be legally entitled to recover as damages for bodily injury or wrongful death from the owner or operator of an uninsured motor vehicle. . . .

" (b) . . . The term 'uninsured motor vehicle' means a motor vehicle with respect to the ownership, maintenance or use of which there is no bodily injury liability insurance or

bond applicable at the time of the accident, or there is such applicable insurance or bond but the company writing the same denies coverage thereunder, or a motor vehicle used without the permission of the owner thereof if there is no bodily injury liability insurance or bond applicable at the time of the accident with respect to the owner or operator thereof, or the owner or operator thereof be unknown, . . .''

The applicability of this statute where insurance has become uncollectible through post-accident insolvency of the insurer has not been passed upon in any decision by an appellate court of this state. But there are precedents in other jurisdictions, the most pertinent of which came down after the trial court had decided this case.

This exact issue arose in *State Farm Mut. Auto. Ins. Co.* v *Brower* (1964) 204 Va. 887 [134 S.E.2d 277] where the policy had been issued under a Virginia statute[1] containing language similar to California's.

In holding that the policyholder was entitled to recover under his uninsured motorist coverage, the Virginia court said: ''We are convinced, however, and so decide, that the Mazza automobile was 'an uninsured motor vehicle' under subsection (c) (ii) of that section, because under the facts of this case there has been an effective denial of coverage by the insurance company which wrote the policy. . . .

''National [Mazza's insurer] although duly notified by Mazza of Brower's suit against him, did not, nor did its receiver, defend the suit or even appear therein, nor has either paid any part of the judgment which its insured has become obligated to pay.

''State Farm argues that neither National nor any of its receivers 'have made an express denial of coverage' to Mazza and hence that Mazza's automobile was not an uninsured vehicle. But § 38.1-381(c) (ii) does not say that the denial must be express. It says only that the automobile is an uninsured vehicle if the insurance company 'denies coverage.' There is nothing in the letter of the statute nor, as we believe, in the spirit and purpose of the statute, that requires the denial to be expressed. Denial of coverage clearly may be as

---

[1] Code of Virginia, section 38.1-381(c): ''. . . the term 'uninsured motor vehicle' means a motor vehicle as to which there is no (i) bodily injury liability insurance and property damage liability insurance both in the amounts specified by § 46.1-1(8), as amended from time to time, or (ii) there is such insurance but the insurance company writing the same denies coverage thereunder, . . .''

effectively made by the conduct of the insurer as by its spoken or written word. . . .

''An insurer denies coverage to its insured when it fails or refuses to accord him the protection it contracted to give. Here National has failed to give Mazza protection against the damages he has 'become legally obligated to pay' which National specifically promised to pay for him. Its failure to appear, to defend and to pay was a denial of coverage within the meaning of § 38.1-381(c) (ii), and Mazza's car was therefore 'an uninsured motor vehicle.' ''

The *Brower* decision was cited and followed by the Supreme Court of South Carolina in *North River Ins. Co.* v. *Gibson* (1964) 244 S.C. 393 [137 S.E.2d 264].

There are other cases reaching the opposite result, but without any consideration of whether the insolvency of the tortfeasor's insurer amounts to a denial of coverage. In *Hardin* v. *American Mut. Fire Ins. Co.* (1964) 261 N.C. 67 [134 S.E.2d 142] the court held the controlling fact to be that there was insurance coverage in effect at the time of the accident. (Accord: *Rice* v. *Aetna Cas. & Surety Co.* (1966) 267 N.C. 421 [148 S.E.2d 223].) *Hardin* was cited and followed in *Stone* v. *Liberty Mut. Ins. Co.* (Tenn.App. 1965) 397 S.W.2d 411 and in *Swaringin* v. *Allstate Ins. Co.* (Mo.App. 1966) 399 S.W.2d 131. It does not appear from any of these opinions that the court was construing a policy or a statute which provided that a vehicle is uninsured if the insurer denies coverage.[2]

*Federal Ins. Co.* v. *Speight* (D.C.E.D.S.C. 1963) 220 F. Supp. 90 was an attempt by a federal district court, in a diversity case, to apply South Carolina law. There the court reasoned that the insolvency was immaterial inasmuch as the policy was in force at the time of the accident. The decision overlooked that part of the statute which referred to denial of coverage. Now that the Supreme Court of South Carolina has spoken in the *Gibson* case, *supra,* the *Speight* decision is no longer authority.

The reasoning of the Virginia court in the *Brower* case is sound, and is consistent with the letter and the spirit of the California statute. ▮ Insurance Code section 11580.2 is a part of a pattern of statutes which are ''designed to give

---

[2]North Carolina General Statutes section 20-279.21(b)(3) has since been amended to provide that a motor vehicle is ''uninsured'' if the insurer is unable to make payment because of insolvency. (1965 Session Laws of North Carolina, ch. 156 and ch. 898.)

monetary protection to that ever changing and tragically large group of persons who while lawfully using the highways themselves suffer grave injury through the negligent use of those highways by others." (*Continental Cas. Co.* v. *Phoenix Constr. Co.*, 46 Cal.2d 423, 434 [296 P.2d 801, 57 A.L.R.2d 914].) Such statutes must be liberally construed to carry out this objective of providing compensation for those injured through no fault of their own. (*Interinsurance Exchange of Auto. Club* v. *Ohio Cas. Ins. Co.*, 58 Cal.2d 142, 153 [23 Cal.Rptr. 592, 373 P.2d 640]; *Hanover Ins. Co.* v. *Carroll*, 241 Cal.App.2d 558 [50 Cal.Rptr. 704]; *Inter-Insurance Exchange of the Auto. Club of Southern Cal.* v. *Lopez*, 238 Cal.App.2d 441 [47 Cal.Rptr. 834]; *Taylor* v. *Preferred Risk Mut. Ins. Co.*, 225 Cal.App.2d 80 [37 Cal.Rptr. 63].)

The statutory objective is not attained by giving the injured person a claim against an insolvent. Our conclusion is that an insurer who becomes insolvent "denies coverage" within the meaning of section 11580.2, subdivision (b); that Compton's vehicle is therefore an "uninsured motor vehicle"; and that plaintiff here is entitled to the protection afforded by the policy written by defendant with respect to uninsured motorists.

The judgment is reversed, with directions to enter judgment for plaintiff in conformity herewith.

Jefferson, J., and Kingsley, J., concurred.