BARRETT PLAZA, INC., a Corporation, Plaintiff-Appellant,

v.

NORTHWESTERN MUTUAL INSURANCE COMPANY and National Fire Insurance Company of Hartford, Defendants-Respondents.

No. 32208.

St. Louis Court of Appeals.
Missouri.

Jan. 17, 1967.

W. Munro Roberts, Jr., Harold L. Satz, Theodore D. Ponfil, Satz & Ponfil, St. Louis, for plaintiff-appellant.

F. Douglas O'Leary, Moser, Marsalek, Carpenter, Cleary & Jaeckel, St. Louis, for defendants-respondents.

WOLFE, Presiding Judge.

This is an action against two insurance companies to recover a loss of $2,500 sustained by the plaintiff when a sign that it owned was destroyed by windstorm. The case was submitted upon a stipulation of facts in the trial court and there was a judgment in favor of the defendants. The plaintiff prosecutes this appeal.

The facts as stipulated are as follows:

"Come now plaintiff and defendants and stipulate to the following facts:

"1. Plaintiff is the owner of premises located at 2218–2228 Big Bend Boulevard in Richmond Heights, Missouri. Attached hereto and marked Exhibit 'C' is a photograph showing said premises.

"2. As indicated in the photograph, there is a one-story commercial building located on said lot. The building houses several small shops and stores. The building is set back about 75 feet from the street. The area in front of the building is used as a parking lot for the customers of the various tenants. There is a large neon advertising sign located on the parking lot near the public sidewalk adjacent to the street, approximately 60 feet in front of the building. Underground wires run from the building to the sign and supplies electric current. These wires are encased in piping or conduit to protect them from the elements.

"3. On February 10, 1959, a tornado struck portions of the St. Louis Metropolitan Area and the resulting winds caused damage to plaintiff's sign in the amount of Two Thousand Five Hundred and no/100 Dollars ($2,500.00).

"4. Defendants had issued policies of insurance which provided certain coverage for the premises. Said policies are attached hereto and marked Exhibits 'A' and 'B'.

"5. Plaintiff requested payment for its loss under the policies, but defendants have denied liability.

"6. The aforesaid policies of insurance were in effect and the plaintiff has complied with all conditions."

The pertinent parts of the provisions of the policies relied upon are as follows:

"Unless liability therefor is assumed in the form attached to this policy, or by endorsement hereon, this Company shall not be liable for damage to the following property: * * * (d) * * * signs * * *."

In the "Building and Contents Form" the following appears:

"Building Coverage: When the insurance under this policy covers a building, such insurance shall cover on the building, including foundations * * *, machinery used for the service of the building only, lighting, ventilating, * * *; awnings, signs and metal smokestacks (except as provided below), screens, storm doors and windows if the property of the owner of the building and belonging to said building, while attached thereto or stored therein or in other buildings on the premises; also all permanent fixtures, stationary scales and elevators, belonging to and constituting a permanent part of said building."

The policy covers only signs attached to or stored in the insured building. It is a contention of the plaintiff-appellant that the language of the policies afforded coverage for its sign which was sixty feet from the building. Appellant bases its contention on the fact that electric wires in a conduit underneath the paving in the parking lot ran from a connection in the insured building to the sign. From this fact the appellant asserts the sign was "connected" to the building and therefore was "attached" to the insured building and was consequently covered by the policies.

◼ Appellant correctly states the established rule that in cases of an ambiguity in an insurance policy it is construed favorably to the insured. Meyers v. Smith, Mo., 375 S.W.2d 9; Swaringin v. Allstate Insurance Company, Mo.App., 399 S.W.2d 131; Tenney v. American Life and Accident Insurance Co., Mo.App., 338 S.W.2d 370; McKee v. Travelers Insurance Company, Mo.App., 315 S.W.2d 852.

Appellant cites us to a definition of "attached" contained in Webster's 7th New

Collegiate Dictionary, which in part defines the word as "connect, tie." In Merriam Webster's 3rd International Dictionary "attach" is in part defined as "bind, fasten, tie." It is conceded by the appellant that it has found no case in this or other jurisdictions wherein a policy such as this has been construed as it contends this one should be, but we are cited to Still v. Connecticut Fire Ins. Co., 185 Mo.App. 550, 172 S.W. 625. This case simply holds that a silo, constructed so as to be a part of a barn covered by insurance, was also insured. We find no analogy to the contentions here asserted. Another case cited is Montana Stables v. Union Assur. Society of London, 53 Wash. 274, 101 P. 882. The policy therein considered insured a barn and additions attached thereto. The main building was connected by an excavation under an alley to an addition in which the loss occurred. The buildings had a common floor and were used as one structure. The Supreme Court of Washington held that it was an attached addition under the terms of the policy. Again we find no analogy to the facts here considered.

In the case of Williams Mfg. Co. v. Insurance Co. of North America, 93 Vt. 161, 106 A. 657, at 1. c. 659, the Supreme Court of Vermont considered the words "attached" and "connected" in the following statement:

> " * * * The boiler house was 'attached' to the veneer mill in a more usual sense of the word 'attached' than was the sawmill. The boiler house was 'connected' with both the veneer mill and the sawmill, but while the words 'connected' and 'attached' sometimes have the same meaning, they are not coterminous in signification. For instance, one speaks of a dwelling house as being connected with a sewer, but never as being attached to a sewer, of offices being connected by telephone, but not of one being attached to another by telephone. When a building is spoken of as being attached to another, it is generally meant that it is annexed to that other. * * * "

The words may in some usages have the same meaning but in others they carry different connotations.

It seems that the appellant has ignored a cardinal rule of construction which provides that the language used in an insurance policy must be given its plain meaning and when the plain meaning is clearly expressed no ambiguity is present for construction. Swaringin v. Allstate Insurance Company, supra; Meyers v. Smith, supra. The plain meaning of the words "a sign attached to a building" means that the sign is in some way fastened to a building. The electric wire was not for the purpose of attaching or connecting the sign to the building but to supply power to the lights on the sign.

The trial court properly held that the sign was not attached and therefore not covered by the policy of insurance and the judgment is affirmed.

ANDERSON and RUDDY, JJ., concur.