## 18836

Haskell Lawton GARY, Respondent, v. NATIONWIDE MUTUAL INSURANCE COMPANY, and the Travelers Insurance Company, of whom the Travelers Insurance Company is, Appellant.

(164 S. E. (2d) 213)

*Messrs. Watkins, Vandiver, Kirven, Long & Gamble,* of Anderson, *for Appellant,*

*Messrs. Anderson, Chapman & Kenyon,* of Anderson, *for Respondent,*

Nov. 6, 1968.

BRAILSFORD, Justice.

The plaintiff recovered judgment against The Travelers Insurance company under the uninsured motorist clause of his automobile liability insurance policy, and Travelers has appealed. While several questions are stated, the appeal must fail unless we sustain Travelers' claim that the motor vehicle driven by the tort-feasor on December 7, 1962, when the collision ocurred, was insured, and that it did not become uninsured until October 13, 1964, when Nationwide Mutual Insurance Company, which had conditionally undertaken the defense of the tort-feasor, withdrew from the case.

The Nationwide policy, in which the tort-feasor was the named insured, expressly excluded the operation of a stolen automobile from its coverage. The trial judge found as a fact that the automobile in which the tort-feasor collided with plaintiff had been stolen by him. No appeal was taken from this finding. Hence, the exclusionary clause applied, and the stolen automobile while operated by the tort-feasor, was a motor vehicle as to which there was no liability insurance, clearly an "uninsured motor vehicle" as defined by Section 46-750.11(3), Code of 1962. This was the state of affairs at the time the collision occurred and when Travelers was given notice of the collision in compliance with the requirements of the uninsured motorist clause of plaintiff's insurance policy. The appearance of Nationwide for the tort-feasor, under a full reservation of rights, did not alter the status of the motor vehicle as uninsured. Neither the policy nor the statute required a second notice to Travelers when Nationwide withdrew its conditional defense upon the failure of the tort-feasor to appear at the trial.

Travelers' reliance upon certain language from the decisions in *North River Ins. Co. v. Gibson*, 244 S. C. 393, 137 S. E. (2d) 264; *Squires v. Nat'l Grange Mut. Ins. Co.*, 247 S. C. 58, 145 S. E. (2d) 673, as supporting the conclusion that the tort-feasor did not become uninsured until

Nationwide withdrew from the case, is misplaced. Those decisions dealt with motor vehicles as to which there was liability insurance, but the insurance company denied coverage thereunder. They fell under a different aspect of Section 46-750.11(3), which extended the definition of an uninsured motor vehicle "to certain situations in which the tort-feasor is not, literally, the operator of an uninsured motor vehicle at the time of the collision," *North River Ins. Co. v. Gibson,* supra, 244 S. C. 393, 137 S. E. (2d) 264, but becomes so afterward.

We find no merit in the appeal.

Affirmed.

Moss, C. J., and LEWIS, BUSSEY and LITTLEJOHN, JJ., concur.