## Johnson v. Nationwide Mutual
## Insurance Company

*J. Cris Soich*, for plaintiff.

*Cosmos J. Reale*, for defendant.

McLEAN, J., April 27, 1971.—Petitioner has filed a petition for declaratory judgment and respondent has filed an answer to the petition admitting all of the allegations, so that there is no issue of fact whatsoever. Involved is a question relating to uninsured motorists coverage in a policy of automobile liability insurance. We believe that declaratory judgment is an available procedure, as the procedure was used successfully in *Harleysville Mutual Casualty Company v. Blumling*, 429 Pa. 389 (1968), a closely similar case. However, since there is considerable uncertainty about when declaratory judgment is available (Amram, A Look At Declaratory Judgments In Pennsylvania Today, Pennsylvania Bar Association Quarterly, June 1970, page 384), we will regard the case also as a case stated in assumpsit, or as a motion for judgment on the pleadings filed by both parties.

In any event, the agreed facts from the pleadings indicate that petitioner was the insured under a policy of automobile liability insurance issued by defendant that was in full force and effect when, on June 23, 1969, petitioner was seriously injured in an automobile accident caused solely by the negligence of an uninsured motorist. The damages suffered by petitioner are in excess of $10,000, the applicable amount of insurance coverage provided under the subject uninsured motorist provisions of the insurance policy here involved.

The insurance policy also contains a coverage known as "family compensation" under which respondent is obligated to pay all reasonable expenses, incurred within one year following the accident, for necessary medical, dental, surgical and other such expenses, but not to exceed a total of $5,000. As of December 18, 1969, respondent had paid to petitioner under this coverage $3,494.60, with the possibility that some additional amounts will be payable under that coverage.

Petitioner has demanded that respondent also pay to her the $10,000 of insurance that is provided under the uninsured motorists coverage of the policy, and respondent has agreed in writing to make such payment, but has insisted upon the right to deduct from the $10,000 the money paid under the family compensation provision of the policy.

Respondent asserts the right to make such reduction by reason of paragraph 6(d) of the conditions under the uninsured motorists portion of the policy, which reads as follows:

"The Company shall not be obligated to pay under this coverage that part of the damages which the insured may be entitled to recover from the owner or operator of an uninsured automobile which represents

payments paid or payable under the Automobile Medical Payments or Family Compensation Coverage of the policy to which this endorsement is attached."

The issue for decision is narrow and clear. If the literal terms of the insurance contract are all applied, then respondent is correct in insisting upon its right to make the deduction from the $10,000 of uninsured motorists coverage. On the other hand, if petitioner is correct in asserting that the legislative policy giving rise to the creation of uninsured motorists insurance precludes the reduction of that insurance by such contractual provision, then petitioner is correct in her assertion that such deduction may not be made. The question is one of first impression in Pennsylvania, and each of the parties has cited cases from other jurisdictions that support that party's position.

The Act of August 14, 1963, P. L. 909, as amended, 40 PS §2000, provides in pertinent part as follows:

"(a) No motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this State with respect to any motor vehicle registered or principally garaged in this State, unless coverage is provided therein or supplemental thereto in limits for bodily injury or death as are fixed from time to time by the General Assembly in section 1421 of Article XIV of 'The Vehicle Code,' act of April 29, 1959 (P. L. 58), under provisions approved by the Insurance Commissioner, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death resulting therefrom."

We decide the question on the authority of Harleys-

ville Mutual Casualty Company v. Blumling, 429 Pa. 389 (1968). It is coincidental that the trial judge in Blumling was the same judge who is deciding the present issue. In Blumling the trial judge applied the literal wording of the insurance contract and was reversed on appeal. Blumling was, as here, a case of first impression with conflicting decisions presented from other states. In Blumling the Pennsylvania Supreme Court chose to follow those decisions which rejected the application of the literal words of the contract in favor or vindication of a statutory policy to require the provision of undiluted uninsured motorists coverage.

In Blumling the accident victim had been paid the full $10,000 of uninsured motorists coverage provided by the liability insurance policy that covered the vehicle, owned by another, being operated by the victim of the accident. The victim then sought to collect another $10,000 by virtue of the uninsured motorists provision of the liability insurance policy covering the automobile he owned, which automobile was not involved in the accident. It was agreed that the damages that the victim would be entitled to recover legally from the uninsured tortfeasor would have been in excess of $20,000. The contract provision involved in that case was an "other insurance" clause, providing that the insured motorists insurance there was to be applicable only to the extent that other payable uninsured motorists coverage would not be sufficient to reach the legal limit of $10,000.

The guiding language from Blumling, at page 395, is as follows:

"The purpose of the uninsured motorists law is to provide protection to innocent victims of irresponsible drivers. The amount of the coverage to be afforded by the uninsured motorist feature of the policy is set by

the statute, but nowhere, explicitly or implicitly, does the act place a limit on the total amount a victim may recover if he suffers a loss resulting from the negligence of an uninsured motorist.

"In Pattani v. Keystone Ins. Co., 426 Pa. 332, 231 A. 2d 402 (1967), we quoted with approval the language of Katz v. American Motorists Ins. Co., 53 Cal. Rptr. 669 (1966), that such statutes are 'designed to give monetary protection to that ever changing and tragically large group of persons who while lawfully using the highways themselves suffer grave injuries through the negligent use of those highways by others.' We there declared for liberal construction of the statute in order to achieve the legislative intent, and we here adhere to that declaration."

Blumling not only requires a liberal construction in favor of payment of uninsured motorists benefits, but it authorized, in effect, the collection of two separate uninsured motorists recoveries, indicating however that there would not be permitted a pyramiding of separate coverages beyond actual loss. We think that the instruction of Blumling is that, as a matter of statutory policy, respondent may not reduce or dilute the payments that are available to its insured under the uninsured motorists protection of the policy.

Our conclusion is additionally buttressed by the fact that the subject insurance policy, attached to the pleadings and made a part thereof, shows that separate premiums were paid by petitioner for the uninsured motorists coverage and for the family compensation coverage. At page 396 in Blumling, the court said:

"Appellee has received its premium attributable to this coverage, which coverage the Act of Assembly requires it to furnish. We will not permit it to avoid its statutorily imposed liability by its unilateral insertion

into the policy of a liability limiting clause repugnant to the statute."

Accordingly, judgment will be entered in favor of petitioner declaring that she is entitled to the payment of the full $10,000 of the uninsured motorists insurance, without deduction for any amounts which are separately payable under the family compensation coverage of the policy.

## ORDER

And now, this April 27, 1971, upon consideration of the pleadings filed and of the briefs submitted by counsel, for the reasons set forth in the foregoing opinion, it is ordered that judgment is granted in favor of petitioner, Mary Jane Johnson, against respondent, Nationwide Mutual Insurance Company, a corporation, and it is declared that petitioner is entitled to payment in full of the amounts provided in the uninsured motorists coverage of respondent's insurance policy number 54-44-614, without reduction for any payments made or payable under the family compensation provisions of said policy.