SUPERIOR RISK INS. CO., APPELLANT, v. DUDAS ET AL., APPELLEES.

(No. 32617—Decided January 10, 1974.)

Mr. *Martin J. Murphy*, for appellant.
Mr. *J. E. Dempsey*, for appellees.

CORRIGAN, J. Plaintiff, Superior Risk Insurance Company, appeals from a declaratory judgment of the Common Pleas Court that the defendants are afforded coverage under the uninsured motorist endorsement of their automobile insurance policy underwritten by Superior.

On December 5, 1966, defendants were each operating separate motor vehicles on the Lakeland Freeway in Euclid, Ohio, when both became involved in an automobile accident with Kenneth Jescheling. At the time of the accident, the automobile which Jescheling was operating was insured by the Ohio Valley Insurance Company. A lawsuit was thereafter filed on behalf of Josephine R. and Alex Dudas as plaintiffs, naming Kenneth R. Jescheling and Nicholas T. Doljac, Sr. as defendants. That lawsuit remained pending until November 13, 1970, when the Franklin County Court of Common Pleas in Case No. 24-1494 declared the insurance company insolvent and ordered its liquidation. Thereupon, Ohio Valley tendered defense of the Jescheling lawsuit back to its insured and informed Alex and Josephine R. Dudas of its insolvency.

Subsequently, Alex and Josephine R. Dudas filed a demand for arbitration with the American Arbitration Association against their automobile insurer, the Superior Risk Insurance Company, alleging entitlement to recovery under the uninsured motorist endorsement of their policy inasmuch as they believed that the insolvency of the Ohio Valley Insurance Company constituted a denial of coverage which would preclude them from receiving payment from Kenneth Jescheling's insurer, Ohio Valley. This present declaratory judgment action was then initiated by Superior Risk Insurance Company in the Cuyahoga County Common Pleas Court to have the court declare that coverage under the uninsured motorist endorsement could not be afforded to Alex or Josephine R. Dudas, that Superior be relieved of any liability under the endorsement, and that the American Arbitration Association be restrained from proceeding further. The court ruled that the insolvency of the Ohio Valley Insurance Company constituted a denial of coverage, and it declared that Alex and Josephine R. Dudas are entitled to coverage under the uninsured motorist endorsement of their insurance policy with the Superior Risk Insurance Company.

On appeal, Superior Risk asserts that the judgment of the court below is contrary to law. Upon examination, this court finds that the issue raised in this case—whether the insolvency of an insurer, subsequent to the date of an accident caused by its insured, constitutes a denial of coverage within the meaning of that term as used in an uninsured motorist endorsement—is one of first impression in Ohio.

Other jurisdictions, however, have considered the precise issue with which we are concerned and a contrariety of opinion exists as to its resolution. Annotations are collected in 26 A. L. R. 3d 883. Some of the cases hold that where policies of insurance specify that the provisions of an uninsured motorist endorsement defining an uninsured automobile as one with no liability insurance ''applicable at the time of the accident,'' that the language is clear and unambiguous and the subsequent insolvency of the insurer cannot

alter the fact that at the time of the accident there was insurance coverage precluding any recovery under the uninsured automobile clause. *Apostas* v. *Allstate* (1968), 246 A. 2d 923; *Illinois Natl. Ins. Co.* v. *Rose* (1968), 93 Ill. App. 2d 329.

In other jurisdictions another conclusion is reached in cases where a policy of insurance defines an uninsured vehicle as one upon which the insurer has denied coverage or disclaimed liability and the insolvency of the insurer constitutes denial of coverage. *Katz* v. *American Motorist Insurance Co.* (1966), 244 Cal. App. 2d 886; *Winans* v. *Hartford Accid. Indemn. Co.* (1970), 25 Mich. App. 75.

This court is cognizant of R. C. 3937.18(B), effective October 1, 1970, after the date of the accident, but before the insolvency of the Ohio Valley Insurance Company, which provides: "For the purpose of this section, a motor vehicle is uninsured if the liability insurer denies coverage or is or becomes the subject of insolvency proceedings in any jurisdiction."

The record in this case reflects that the uninsured motorist endorsement defines an uninsured automobile as one on which "there is a bodily injury liability bond or insurance policy applicable at the time of the accident but the company writing the same denies coverage thereunder * * *."

Based then upon the facts of this case, the court is of the opinion that the insolvency of the Ohio Valley Insurance Company constituted a denial of coverage which entitled the defendants to claim uninsured motorist coverage with their insurance carrier. Accordingly, the judgment of the court below is affirmed.

*Judgment affirmed.*

DAY and WASSERMAN, JJ., concur.

WASSERMAN, J., retired, assigned to duty pursuant to Section 6(c), Article IV of the Constitution.