Michael E. Sweeney, J.
This motion arises from an action in which the defendant is the Motor Vehicle Accident Indemnification Corporation recently created by article 17-A of the Insurance Law. Plaintiff moves for an order permitting him to file a late notice under section 608 of said article 17-A.. Implicit in this decision, however, must be a determination that the plaintiff is entitled to the benefits of this recently created statutory coverage^
Plaintiff received injuries when his automobile was involved in an accident with another automobile owned and operated by *1003 one Gordon. Thereafter he brought an action against Gordon, and subsequently, and at a time when the case was reached for trial and settlement negotiations had been entered into, Gordon’s liability insurance carrier went into receivership. Upon being notified of this, plaintiff filed á notice of claim with defendant under his own liability insurance policy which contains the standard “New York Automobile Accident Indemnification Endorsement ’ ’. This was after the expiration of the statutory period prescribed by section 608.
If plaintiff is entitled to the benefits of article 17-A of the Insurance Law, it would seem to me that in a proper exercise of discretion he should be permitted to file late. Under the circumstances the plaintiff filed almost immediately upon learning the true situation and the delay did not cause any prejudice to the defendant.
The more troublesome and difficult question, however, is not that of the late filing, but whether the plaintiff is entitled to the protection and benefits of this legislation.
To properly determine this, it becomes necessary to examine the background of article 17-A of the Insurance Law and the history of protective legislation to users of the highway against uninsured motorists.
In 1956 the Legislature took the initial step to more fully protect people on the highway from financially irresponsible users of the highway. This was commonly referred to as the “ Compulsory Insurance Law”. It was soon determined that this legislation was in many respects lacking. There were many operators on the New York State highways who did not come within the scope of this legislation.
To remedy the situation, article 17-A of the Insurance Law was enacted. Its declared purpose is stated in the very first section (§ 600) wherein it is also acknowledged that previous existing legislation failed to accomplish its full purpose of securing to innocent victims of motor vehicle accidents recompense for the injuries sustained by them. This section also sets forth seven specific categories against which the previous existing law did not protect.
“ (1) uninsured motor vehicles registered in a state other than New York,
“ (2) unidentified motor vehicles which leave the scene of the accident,
“ (3) motor vehicles registered in this state as to which at the time of the accident there was not in effect a policy of liability insurance,
“(4) stolen motor vehicles,
*1004 “ (5) motor vehicles operated without the permission of the owner,
“ (6) insured motor vehicles where the insurer disclaims liability or denies coverage and
“ (7) unregistered motor vehicles. ”
The article, inter alia, closes these gaps by providing coverage in the enumerated seven instances.
Although legislative declaration of the purpose and intent of a statute cannot control the judgment of the court, it is entitled to great weight as an aid to interpretation of such statute. (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 75.) In section 600 the Legislature has expressly described seven specific instances in which no provision was made for such protection under the former act. No general terms are used. A strong inference must be drawn, therefore, that what was not included was intended to be excluded.
For plaintiff to be entitled to the benefits of this legislation his situation must be covered bv- one of the seven categories mentioned. The only category which plaintiff can conceivably claim affords him protection is: “ insured motor vehicle where the insurer disclaims liability or denies coverage ”.
Subdivision (c) of section 608 in implementing this specific category, provides that :
. “The protection provided.by the corporation on account of motor vehicle accidents caused by financially irresponsible motorists shall be available to: w =& • &
“ (e) Any qualified person having, a cause or causes of action because of death or bodily injury, arising out of a motor vehicle accident •occurring within this state, who shall file with the corporation an affidavit as a condition precedent to the right thereafter to apply for payment from the corporation, stating that (1) he has a cause or causes of action arising out of such accident for damages and setting forth the facts in support thereof, (2) the insurer or insurers of the person or persons liable or alleged to be liable for his injury or loss have disclaimed liability or denied coverage because of some act or omission of the person or ' persons liable or alleged to be liable, and (3) he intends to- make a claim thereon for such damages. Such affidavit shall be filed within ten days of receipt of notice by such affiant. of such disclaimer or denial of coverage. ’ ’ (Italics supplied.)
At the- time of the accident there was insurance covering the Gordon automobile. It was subsequent to the accident that the *1005 insurance company became defunct and unable to fully satisfy claims covered by its policies. Subdivision (c) of section 608 provides coverage where an insurance company disclaims liability or denies coverage. The insurance company in the present case did not disclaim liability, nor did it deny coverage. From the motion papers it is clear that the only reason it failed to afford protection was due to the fact that it had been placed in the hands of a receiver in bankruptcy. To deny coverage is to take the position that for some reason or other the policy does not encompass the particular accident. No such claim is made here. A disclaimer of liability usually arises where there is coverage, but because of some action on the part of the insured, the company refuses to respond. This refusal could be for lack of co-operation by the insured, fraud perpetrated by the insured on the company or serving late notice of the accident, just to mention a few. There is no disclaimer in the present case.
It does not appear to me that the Legislature ever contemplated coverage in a case where the insurance company involved became defunct subsequent to the occurrence of the accident. Since this legislation creates statutory rights unknown at common law, it must be strictly construed. (Matter of Lavin v. Motor Vehicle Acc. Indemnification Corp., 23 Misc 2d 126.) The Legislature in the future may feel that the statute should be extended to provide coverage under the circumstances of the instant case. This, however, is not a matter which the courts can remedy. The Legislature has had the matter before it from time to time and the present statute is the result.
If the coverage is to be extended or broadened, it is for the Legislature to do so, and not the courts. The motion is denied.