TOPOLEWSKI *v.* DETROIT AUTOMOBILE INTER-INSURANCE EXCHANGE.

KROLL *v.* SAME.

1. CONTRACTS—CONSTRUCTION—AMBIGUITY.
    Mere assertion of ambiguity in construction of a contract does not establish ambiguity; it arises, if at all, from the language claimed to be ambiguous.

2. SAME—AMBIGUITY.
    The rights of the parties to a contract rest on the contract as written, where ambiguity is absent.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 17 Am Jur 2d, Contracts §§ 240, 241, 248, 250.
[2, 3] 17 Am Jur 2d, Contracts § 241.
[4] 17 Am Jur 2d, Contracts §§ 240, 242.
[5] 7 Am Jur 2d, Automobile Insurance §§ 135, 136.
    Rights and liabilities under "uninsured motorists" coverage. 79 ALR2d 1252.

3. INSURANCE—CONTRACT—UNINSURED MOTORIST.

Uninsured motorist provision of insurance contract defining an uninsured automobile as one without bodily injury liability insurance policy applicable at the time of the accident *held,* clear and unambiguous.

4. CONTRACTS—CONSTRUCTION—REWRITING.

The Court of Appeals cannot rewrite a clear agreement of the parties under the guise of interpretation.

5. INSURANCE—UNINSURED MOTORIST—SUBSEQUENT INSOLVENCY OF INSURER.

Plaintiffs' contention that they were covered by the uninsured motorist provision in policy issued by defendant to plaintiff, defining uninsured automobile as one without bodily injury liability insurance applicable at the time of the accident, and the vehicle which caused the accident was insured at time of the accident by an insurer shortly thereafter insolvent, *held,* without merit, since plaintiffs are not covered by the uninsured motorists provision here involved as collision was not with a motorist uninsured at time of accident.

Appeals from Wayne; Weideman (Carl M.), J. Submitted Division 1 February 7, 1967, at Detroit. (Docket Nos. 1,309, 1,310.) Decided March 14, 1967. Leave to appeal denied June, 1967. See 379 Mich 763.

Declaration by Olga Topolewski against Detroit Automobile Inter-Insurance Exchange, a Michigan corporation, for damages sustained in an automobile collision, under uninsured motorist provision in policy of insurance issued by defendant to plaintiff and John Topolewski. Similar action by Lena Kroll. Defendant's motions for summary judgment denied. Defendant appeals, on leave granted. Reversed and remanded.

*Adrian S. Williams* (*Norman L. Zemke,* of counsel), for plaintiffs.

*Andrew S. Telek,* for defendant.

Quinn, J. Plaintiffs brought these actions to recover under the uninsured motorists coverage of the insurance contract issued to John or Olga Topolewski by defendant. On the claimed basis that such coverage was not applicable, defendant moved for summary judgment pursuant to GCR 1963, 117.2(1), and the trial court denied such motions. On leave granted, defendant appeals.

The question raised is whether a motorist insured at the time of an accident is an uninsured motorist under the provisions of defendant's policy issued to the Topolewskis when that motorist's insurer becomes insolvent after the accident.

July 7, 1961, defendant issued an insurance policy to John or Olga Topolewski for a term of one year which contained uninsured motorists coverage. July 14, 1961, the vehicle of insureds was struck in the rear end by one owned and driven by James Moore. At that time, the Moore vehicle was insured for public liability and property damage by Exchange Casualty & Surety Company, a Michigan corporation. Olga Topolewski, the driver, and her passenger, Lena Kroll, were injured in the collision. By order of Ingham county circuit court entered March 22, 1962, the insurance commissioner of the State was appointed receiver of Exchange Casualty & Surety Company, and by order of that court dated April 27, 1962, the receiver was directed to take possession of the property of said company and to liquidate its assets.

The pertinent parts of the uninsured motorists coverage in defendant's policy are as follows:

"Section IV—Uninsured Motorists.

Coverage G—Uninsured Motorists Coverage—Bodily Injury Benefit. Subject to the limits of liability stated in this coverage, the Exchange agrees to pay:

Part (1)   All sums which the insured shall be legally entitled to recover as damages, including damages for care and loss of services, from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death resulting therefrom, sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile   *   *   *.

Definitions.   For the purpose of this coverage: *   *   *   (d) 'uninsured automobile' means (1) a motor vehicle with respect to the ownership, maintenance or use of which there is, with respect to Part (1), no bodily injury liability insurance policy or bond,   *   *   *   *applicable at the time of the accident* with respect to any person or organization legally responsible for the use of such vehicle * * *."

Defendant contends the foregoing language is clear and unambiguous and by it no coverage is afforded plaintiffs.  Plaintiffs contend the language is ambiguous "as to whether or not the other vehicle involved in this accident was an 'uninsured automobile' within the meaning of the contract of insurance, and that as such a question of fact is raised to be decided at trial by the finder of fact.  That question of fact is, 'What was the meaning and intention of the parties herein when they employed the language used in the instant contract of insurance?' "

The fallacy of plaintiffs' position is readily apparent.  By asserting ambiguity, they contend a question of fact arises as to the meaning of "uninsured automobile" and the intention of the parties to the insurance contract with respect to that term.  Mere assertion of ambiguity does not establish ambiguity; it arises, if at all, from the language claimed to be ambiguous.  *Vigil* v. *Badger Mutual Insurance Company* (1961), 363 Mich 380.  Absent ambiguity,

the rights of the parties rest on the contract as written. *Cottrill* v. *Michigan Hospital Service* (1960), 359 Mich 472. We find no ambiguity in the language defining uninsured automobile; it is one without bodily injury liability insurance *applicable at the time of the accident.* To afford plaintiffs coverage on the facts before us, this Court would have to add to the underlined language "and written by an insurer which remains solvent." We cannot rewrite the clear agreement of the parties under the guise of interpretation. *Patek* v. *Aetna Life Insurance Company* (1961), 362 Mich 292. We hold plaintiffs are not covered by the uninsured motorists provision here involved because by the terms of that provision plaintiffs' accident was not with an uninsured motorist.

We have not been cited nor have we found any Michigan cases dealing with this problem. On similar language and facts, the supreme courts of North Carolina and New York* reached the same result we have reached. See *Hardin* v. *The American Mutual Fire Insurance Company* (1964), 261 NC 67 (134 SE2d 142) and *Uline* v. *Motor Vehicle Accident Indemnification Corporation* (1961), 28 Misc 2d 1002 (213 NYS2d 871). The specific problem here considered and decided will not arise under policies of insurance containing uninsured motorists clauses issued after January 1, 1966. See CL 1948, § 500.3010 as added by PA 1965, No 388 (Stat Ann 1968 Cum Supp § 24.13010).

The trial court was in error in denying defendant's motions for summary judgment. It is reversed and remanded for entry of orders granting such motions with costs to defendant.

LESINSKI, C. J., and BURNS, J., concurred.

---

* The supreme court of New York is a trial court.—REPORTER.