6 Mich. App. 444 (1967)
149 N.W.2d 204
ROUSSO
v.
MICHIGAN EDUCATIONAL EMPLOYEES MUTUAL INSURANCE COMPANY.
Docket No. 2,274.
Michigan Court of Appeals.
Decided March 28, 1967.
Leave to appeal denied May 17, 1967.
Norman N. Gottlieb, for plaintiff.
William E. Wade, for defendant.
Leave to appeal denied May 17, 1967. See 379 Mich 762.
*445 HOLBROOK, P.J.
On July 7, 1962, Milton Hyman was insured with defendant herein under policy #AI-78954, which included uninsured motorist protection, viz.:
"Coverage J  uninsured motorists (damages for bodily injury). To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death resulting therefrom, hereinafter called `bodily injury,' sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile."
An uninsured automobile is defined in said policy as follows:
"`Uninsured automobile' includes a trailer of any type and means: (a) an automobile with respect to the ownership, maintenance or use of which there is no bodily injury liability bond or insurance policy applicable at the time of the accident with respect to any person or organization legally responsible for the use of such automobile."
On the date first mentioned herein, plaintiff Mico Rousso was a passenger in the vehicle insured by defendant and driven by Milton Hyman, when said vehicle was involved in an accident in the city of Detroit with a vehicle owned and operated by one Roger Lee Brown. Plaintiff claims bodily injury caused in said collision. Brown had a liability insurance policy with the Banner Mutual Insurance Company, #316615, with effective dates of coverage from June 27, 1962, through June 27, 1963.
In September 1963, the Banner Mutual Insurance Company went into the hands of receivers.
Prior to October 22, 1965, plaintiff made claim upon defendant under the uninsured motorist provisions *446 of Milton Hyman's policy of insurance which was promptly denied on the issue of coverage.
On October 22, 1965, plaintiff commenced suit in Genesee county circuit court against defendant seeking recovery for personal injuries arising out of said accident and under the uninsured motorist provisions of the policy of insurance issued by defendant to Hyman. Defendant appeared specially and filed a motion for summary judgment of dismissal under GCR 1963, 117.2(1) which was denied. Thereupon defendant filed an application for leave to appeal from said denial with this Court which was duly granted.
The only question presented necessary to a decision herein is stated by defendant as follows: "Does the protection against uninsured motorists provision of defendant's policy of insurance provide coverage to the plaintiff?"
A review of the facts in this case discloses that they are analogous with the facts in the combined cases of Topolewski v. Detroit Automobile Inter-Insurance Exchange (Kroll v. Same) (1967), 6 Mich App 286. The uninsured motorist protection coverage and the definition of an uninsured motorist as contained in the Hyman policy issued by defendant herein is for all intents and purposes identical with the effective terms of the insurance policy in the Topolewski and Kroll cases, supra, and the instant case is therefore governed by that decision.
The trial court was in error in denying defendant's motion for summary judgment of dismissal. Reversed and remanded for entry of order granting such motion with costs to defendant.
FITZGERALD and J.H. GILLIS, JJ., concurred.