**George F. Dreher, Plaintiff-Appellant, v. The Aetna Casualty & Surety Company, Defendant-Appellee.**

**Gen. No. 66–80.**

Second District.

May 4, 1967.

Mackenzie, Vescelus, Leetz & Perry, of Wheaton (John T. Perry and A. M. Peccarelli, of counsel), for appellant.

Hinshaw, Culbertson, Moelmann and Hoban, of Wheaton, for appellee.

MR. JUSTICE MORAN delivered the opinion of the court.

Plaintiff was injured in an automobile accident on February 9, 1964. The driver of the other vehicle, Ronald Pettit, was insured with a policy of automobile liability insurance issued by Lake States Casualty Company. Lake States retained an attorney to defend Pettit in a lawsuit filed by plaintiff to recover for his personal injuries and then, on October 19, 1965, the attorney withdrew on the grounds that Lake States was being liquidated by the State of Illinois.

At the time of the accident plaintiff was insured for automobile liability by the defendant, Aetna Casualty & Surety Company. Plaintiff's policy contained a family protection coverage commonly referred to as "uninsured motorist coverage." The term "uninsured automobile" was therein defined as including:

> "an automobile with respect to the ownership, maintenance or use of which there is no bodily injury liability bond or insurance policy applicable *at the time of the accident* with respect to any person or organization legally responsible for the use of such automobile. . . ." (Emphasis supplied.)

Plaintiff notified Aetna of the insolvency of Lake States and demanded uninsured motorist benefits. Aetna denied liability in writing and plaintiff filed a declaratory judgment proceeding which was dismissed by the Circuit Court on defendant's motion.

The issue squarely presented to this court is whether in Illinois under the present statute and with a definition of an uninsured automobile as is contained in the Aetna policy, the uninsured motorist coverage is applicable where the liability insurance carrier on the automobile in question becomes insolvent subsequent to the day of the accident.

It is urged by the plaintiff-appellant that public policy in this state requires that the uninsured motorist clause be liberally interpreted particularly in light of the numerous insurance company failures in this state.

It is further suggested that an ambiguity exists in the definition of "uninsured automobile" as used in the policy issued by defendant and that this court should resort to an equitable construction of that provision to extend coverage.

The applicable statute, section 755a, chapter 73, Ill Rev Stats, 1963, approved June 4, 1963, provides that no automobile liability policy shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless the policy contains coverage for uninsured and hit and run motor vehicles; provided, however, that the named insured may elect in writing not to carry such coverage.

The statute does not define uninsured motor vehicles and the policy definition referred to above was a standard policy definition used by the insurance industry at the time of the adoption of the statute by the legislature in 1963.

There is now pending before the General Assembly legislation which would extend the uninsured motorist protection to the insolvent insurance company situation but this case must be decided on the basis of the law at the time of the occurrence in question.

■■ It is true that an insurance policy should be liberally construed in favor of the policyholder. However, we find nothing either in the statute or the case law to sustain the contention that the public policy of this State, at the time, required that an insurance company extend coverage beyond the terms of its contract of insurance to include an automobile which was insured at the time of the accident but which subsequently be-

comes uninsured by reason of the insolvency of the carrier.

Further, we find no ambiguity in the definition of the policy. The definition includes automobiles which are uninsured at the time of the accident and it also includes hit and run vehicles. It does not include uninsured automobiles where coverage is subsequently denied because of lack of cooperation of the insured or where coverage is denied because of the subsequent insolvency of the insurer.

■ In commenting on the rule of liberal construction in McCann for Use of Osterman v. Continental Cas. Co., 6 Ill App2d 527, 128 NE2d 624 (1955), the court said at page 533:

"This canon of construction, however, does not authorize a distortion of language or the exercise of inventive powers for the creation of an ambiguity where none exists."

■■ In Crosse v. Supreme Lodge Knights & Ladies of Honor, 254 Ill 80, 84, 98 NE 261 (1912), it was stated that the parties to an insurance contract have the right to incorporate in it such provisions, not in violation of the law, as they might elect, and the courts must construe and enforce the contract as made. The court has no right to make a new contract for the parties.

The Illinois Supreme Court in Carroll v. Preferred Risk Ins. Co., 34 Ill2d 310, 215 NE2d 801 (1966), determined that under the facts of that case there was no policy of insurance in effect at the time of the accident. The Illinois Supreme Court thus is giving effect to the phrase "at the time of the accident" found in the uninsured automobile definition.

We do not question but that a different result might be reached if the automobile policy contained language defining an uninsured automobile to include one where the insurance company becomes insolvent subsequent to

144

the date of the accident or to include one where coverage has been denied.

Likewise, if such a definition were required by statute but not included in the policy a different result might obtain. It is for the legislature, however, and not for this court to modify the statute to include such contingencies.

Our decision is fortified by decisions of numerous courts in other states. Among these are:

Federal Ins. Co. v. Speight, 220 F Supp 90 (1963), decided by the United States District Court for the Eastern District of South Carolina in 1963 on the basis of the South Carolina Statute as it existed prior to a 1963 amendment; Hardin v. American Mut. Fire Ins. Co., 261 NC 67, 134 SE2d 142, decided by the Supreme Court of North Carolina in 1964; Rice v. Aetna Casualty and Surety Co., 267 NC 421, 148 SE2d 223, decided by the Supreme Court of North Carolina in 1966; Stone v. Liberty Mut. Ins. Co., 397 SW2d 411, decided by the Court of Appeals of Tennessee, Eastern Section, in 1965, and certiorari denied by the Supreme Court of Tennessee; and Swaringin v. Allstate Ins. Co., 399 SW2d 131, decided by the St. Louis Court of Appeals of Missouri in 1966.

To be distinguished from the present situation are the cases where either by policy or statute the definition of uninsured motorist includes the situation where the insurance company has denied coverage. The applicable statute in the State of Virginia so provides and the Supreme Court of Appeals in Virginia in State Farm Mut. Automobile Ins. Co. v. Brower, 204 Va 887, 134 SE 2d 277, held in 1964 that where the insurance company became insolvent and went into receivership there was, in effect, a denial of coverage to activate the uninsured motorist coverage written under the statute. The same result was reached in South Carolina by the Supreme Court of that state in the North River Ins. Co. v. Gibson, 244 SC 393, 137 SE2d 264 (1964), after the South Caro-

lina statute was amended in 1963 to include within the statutory definition of uninsured motorist the situation where there is insurance at the time of the accident but the insurance company denies coverage.

A similar decision was reached in Katz v. American Motorists Ins. Co. (Cal App), 53 Cal Rptr 669 (1966), involving a similar provision in the California Motor Vehicle Code.

It is interesting to note, however, that in Pennsylvania the Superior Court of Pennsylvania in the combined cases of Pattani v. Keystone Ins. Co. and Levy v. Keystone Ins. Co., 209 Pa Super 15, 223 A2d 899 (1966), held that the insolvency decree or the appointment of the receiver did not constitute affirmative action denying coverage where the statute contained a provision similar to the Virginia statute.

As stated before there is presently pending before the General Assembly a proposed statute touching upon the question before us. Any modification of the existing statutory law on this subject should be made by the legislature.

For the reasons stated above the decision of the Circuit Court of DuPage County is affirmed.

Judgment affirmed.

DAVIS, P. J. and ABRAHAMSON, J., concur.