GrinBEET H. King, J.
Norma Bendelow and Dawn M. Bendelow, the petitioner-claimants, were injured on April 4,1966 when the automobile in which they were riding was struck by an autotnobile owned and operated by one Richard A. Seely. The accident occurred in the City of Buffalo, New York.
The Seely automobile was insured by the Republic Casualty Company of Little Rock, Arkansas. The Bendelow automobile was insured by the Travelers Indemnity Company under a policy covering the period from October 30, 1965 to October 30, 1966 which policy contained an ‘ ‘ uninsured automobile ’ ’ clause as required by section 167 of the Insurance Law.
The Republic Casualty Company was formally placed in receivership on February 21, 1967, although other information in the moving papers indicates the possibility of actual insolvency at an earlier date. In May, 1967 the attorney for the petitioner-claimants, having learned of the receivership of Republic and having been informed that claims against it would not be honored, notified Travelers of the receivership, that service of a summons and complaint on 'Seely had been made on March 1, 1967, that the defendant Seely had not answered, appeared, or otherwise moved in the action and that the claimants were submitting a claim for their injuries to Travelers under the uninsured automobile indorsement of the Bendelow Travelers policy.
On January 17, 1968 claimants filed a demand for arbitration of their claims with the American Arbitration Association and with the Travelers. Travelers brought this motion for an order staying arbitration on the grounds (1) that insufficient proof has been submitted by the claimants that an uninsured vehicle was involved in the accident and (2) that the automobile involved was in fact an iiisured motor vehicle.
The claimants’ policy with Travelers provides inter, alia that the company will pay all sums which the insured shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury caused by accident and arising out of the use of uninsured automobile and provides for arbitration of any dispute on the issues of legal entitlement of the insured to recover damages and the amount thereof. The policy states that “ uninsured automobile ” means:
*329 “ (1) an automobile with respect to the ownership, maintenance or use of which there is, in at least the amounts specified by the financial responsibility law of the state in which the insured automobile is principally garaged, no bodily injury liability bond or insurance policy applicable at the time of the accident with respect to any person or organization legally responsible for the use of such automobile, or with respect to which there is a bodily injury liability bond or insurance policy applicable at the time of the accident but the company writing the same denies coverage •thereunder.”
Under this provision of the Travelers policy the insured is entitled to collect provable damage if no policy covering the alleged tort-feasor was applicable at the time of the accident. If an insurance company is insolvent at the time of the accident, there is no policy applicable at the time of the accident and the insured is entitled to the benefit of the ‘ ‘ uninsured automobile ” indorsement in his own policy. The purpose of the Insurance Law is to protect the innocent victims of irresponsible motorists. The protection envisioned and intended by the Insurance Law is not fulfilled by the mere existence of a worthless uncollectable contract of insurance. One who has an insurance policy backed by an insolvent carrier and the party he injures are just as unprotected as where there is no insurance at all. (McCaffery v. St. Paul Fire & Marine Ins. Co.,. 236 A. 2d 490, 492 [N. H.].) It follows therefore that if the proof before the court is sufficient to establish Republic’s insolvency at or prior to the date of the accident there would be no doubt as to the right of the claimants to proceed to arbitration. However, the statements of the Arkansas Insurance Department, in letter form, attached to the moving papers are not .sufficiently definitive or positive to permit this court to decide that Republic’s insolvency existed at or before the accident. In one letter the Deputy Receiver and Examiner for the Arkansas Insurance Department stated that ‘ ‘ in his opinion the company has never been solvent since * * * 1963” but in the same letter stated “it is impossible to prove the exact date the Republic Casualty Company became insolvent ’ ’ and in another letter stated that “ we do not have the purpose, the time, or the funds to prove the exact date of insolvency ’ ’. The court is in agreement with movant’s contention that insufficient proof has been submitted that Seely’s vehicle was uninsured at the time of the accident.
Petitioner claimants’ right to recover must therefore depend on (1) the existence of a valid policy “ applicable at the time of the accident ” and (2) the denial of coverage thereunder. *330 As to the first requirement, the order of the Circuit Court of Pulaski County, Arkansas, placing Republic in receivership as of February 21, 1967 fixes that date as the time of insolvency for the purposes of this proceeding. On the state of the proof before me I hold that there was a valid policy in existence at the time of the accident. As to the second requirement, it is not claimed that Republic formally denied coverage by way of disclaimer or otherwise either orally or in writing. The claim of denial of coverage is bottomed solely on the fact of Republic’s postaccident insolvency.
The issue then is whether the uninsured automobile provision of the Travelers’ policy extends to those covered under the policy when at the time of the accident the alleged tort-feasor was covered by liability insurance which insurance subsequently lapsed or became ineffectual because of the insolvency of the tort-feasor’s insurer. The resolution of this issue in claimants’ favor can only be predicated on a holding that the postaccident insolvency of the tort-feasor’s carrier is a “ denial of coverage ” within the meaning of the uninsured automobile clause.
The court has not found nor has its attention been directed to any decision by an appellate court on this issue in this State. The case of Uline v. MVAIC (28 Misc 2d 1002) which held that the postaccident insolvency of the tort-feasor’s carrier was not a denial of coverage within the meaning of section 600 of the Insurance Law is, in the court’s opinion, distinguishable from the present case because it involved a claim under the provisions of article 17-A of the Insurance Law, subdivision (c) of section 608 of which required a statement in the notice of claim that “ (2) the insurer or insurers of the person or persons liable or alleged to be liable for his injury or loss have disclaimed liability or denied coverage because of some act or omission of the person or persons liable or alleged to be liable ” (emphasis supplied). Disclaimer or denial of liability, as a basis of a claim against MVAIC, was made dependent on some act or omission of the person alleged to be liable. No such delimiting or qualifying words appear in the “ uninsured automobile ” clause being considered in this case. The court in the Uline case expressed its belief that the statute (Insurance Law) was to be strictly construed. In Matter of Vanguard Ins. Co. v. Polchlopek (18 N Y 2d 376) (decided after the Uline case) our Court of Appeals indicated that the expressed public policy of this State that motorists should be protected against damages inflicted by a financially irresponsible party dictates a liberal construction of the Insurance Law both as to claims against MVAIC pursuant to article 17-A and under the insurance policy provisions of *331 subdivision 2-a of section 167 to the end that the purpose of the Insurance Law could be accomplished.
Several courts in other jurisdictions have decided that the insurer “ denies coverage ” whether it is done voluntarily or involuntarily and that insolvency of the carrier is just as effective a denial of coverage as an express disclaimer to that effect. (Pattani v. Keystone Ins. Co., 426 Pa. 332; Katz v. American Motorist Ins. Co., 244 Cal. App. 2d 886; State Farm Mut. Auto. Ins. Co. v. Brower, 204 Va. 887; North Riv. Ins. Co. v. Gibson, 244 S. C. 393; McCaffery v. St. Paul Fire & Marine Ins. Co., 236 A. 2d 490, supra; Wharton v. Knox, 98 N. J. Super. 61.)
"When it is borne in mind that subdivision 2-a of section 167 of the Insurance Law is remedial in nature with the express purpose of providing protection through and by their own insurers for innocent victims of irresponsible motorists it is not unjust or unreasonable to hold that postaccident insolvency of the insurance carrier of the alleged tort-feasor is a denial of coverage. Nor does it matter that there has been no expressed denial of coverage by the tort-feasor’s carrier. Nothing in the Travelers ’ policy or in the Insurance Law required that the denial of coverage be expressed or formal. ‘1 Denial of coverage may be as effectively made by the conduct of the insurer as by its spoken or written word. An insurer denies coverage when it fails or refuses to accord the protection it contracted to give.’"’ (State Farm Mut. v. Brower, supra.) It does not matter whether the denial of coverage is done voluntarily or involuntarily by the carrier. As was said in Vanguard v. Polchlopek, p. 381 (supra): “ The view, therefore, that a disclaimed uncollectible policy is a policy applicable at the time of the accident is an unnecessarily restrictive one which defeats the very purpose of •the uninsured motorist clause and ignores the spirit, if not the letter, of section 167 (subd. 2-a).” (Emphasis supplied.) “ The statutory objective is not attained by giving the injured person a claim against an insolvent. ” (Wharton v. Knox, supra, p. 66); Katz v. American Motorist Ins. Co., supra.) In Matter of Knickerbocker Ins. Co. (Faison) (22 N Y 2d 554) just decided by our Court of Appeals, the court (determining the independent existence of the uninsured automobile clause) said (p. 558): “It has been recognized that the purpose of the statute [Insurance Law, § 167, subd. 2-a] is to provide compensation to the extent that claims would be recognized and claimants compensated as if the owner or driver of the vehicle causing the injury were insured. * * * It seems inconsistent with this purpose that an insured person could be deprived of this *332 coverage by some future act of a named insured or Ms insurer ” (emphasis supplied).
In the light of the legislative purpose and declared public policy of this State I hold that the failure of an insurance company to defend its insured by reason of postaccident insolvency constitutes a denial of coverage within the terms of the “uninsured automobile ” clause.
The motion to stay arbitration is denied.