## BETTY BAUNE v. FARMERS INSURANCE EXCHANGE.

166 N. W. (2d) 335.

March 14, 1969—No. 41051.

*Pierro, Johnson & Pieri* and *Richard W. Johnson,* for appellant. *Rider, Bennett, Egan, Johnson & Arundel* and *David F. Fitzgerald,* for respondent.

OTIS, JUSTICE.

This is a declaratory judgment suit arising out of a personal injury action in which plaintiff seeks to establish that the tortfeasor was an "uninsured motorist" within the meaning of plaintiff's own insurance policy by virtue of the insolvency of the tortfeasor's liability carrier. The trial court granted summary judgment against plaintiff, from which she appeals.

Plaintiff, Betty Baune, was injured in an automobile collision with one Beverly Fernholz on August 25, 1959. At the time of the accident, Miss Fernholz carried liability insurance with Marketmen's Mutual Insurance Company, which became insolvent sometime after the accident. The policy of insurance under which plaintiff claims coverage was written by defendant in these proceedings, Farmers Insurance Exchange, and contained the following provision which is here to be construed:

" 'Uninsured motor vehicle' means a motor vehicle or trailer with respect to the ownership, maintenance or use of which there is no bodily injury liability insurance or bond applicable at the time of the accident * * *."

■ At the outset, it is significant that subsequent to this occurrence the legislature adopted L. 1967, c. 837, § 2, to extend uninsured motorists' coverage to an injured party where the tortfeasor's liability carrier subsequently becomes insolvent. It provides (Minn. St. 72A.149, subd. 2):

"For the purpose of this coverage the term 'uninsured motor vehicle' shall, subject to the terms and conditions of such coverage, be deemed to include an insured motor vehicle where the liability insurer thereof is unable to make payment with respect to the legal liability of its insured within the limits specified therein because of insolvency."

However, the statute did not take effect until January 1, 1968. Whether it is to be construed as evidence of an intention by the legislature to create a new right, or as a clarification of existing law, is a subject on which other courts in substantially identical situations have not agreed. The United States District Court in Federal Ins. Co. v. Speight (E. D. S. C.) 220 F. Supp. 90, 95, in construing a similar South Carolina amendment, declined to apply it retroactively, quoting with approval the following rule:

"* * * The general rule is that a change in phraseology indicates persuasively, and raises a presumption, that a departure from the old law was intended, and amendments are accordingly generally construed to effect a change, particularly where the wording of the statute is radically different."

An Illinois court reached the same result in Illinois Nat. Ins. Co. v. Rose, 93 Ill. App. (2d) 329, 235 N. E. (2d) 675. However, the South Carolina court came to a different conclusion in North River Ins. Co. v. Gibson, 244 S. C. 393, 137 S. E. (2d) 264, where it was held that such an amendment was intended by the legislature to clarify, rather than broaden, coverage. To the extent that the contract between Miss Baune and Farmers Insurance Exchange is silent on the subject, and in the absence of any prior case law in Minnesota, we incline to the view that the amendment was an acknowledgment that insolvency did not render a motorist uninsured, and that the legislature sought by the amendment to broaden coverage prospectively.[1]

No decision has been called to our attention in which any court has held that the insolvency of a tortfeasor's liability carrier subsequent to an accident renders the defendant uninsured if the injured party's policy

---

[1] Cf. DePonti Aviation, Inc. v. State, 280 Minn. 30, 33, 157 N. W. (2d) 742, 745, where we found a different legislative intention.

simply requires that there be no liability insurance applicable at the time of the accident. Those courts which have construed such policies have uniformly held that the uninsured motor vehicle provisions do not apply with respect to such policies. [2] The Supreme Court of North Carolina in Hardin v. American Mutual Fire Ins. Co. 261 N. C. 67, 74, 134 S. E. (2d) 142, 147, held that such a definition "is plain and unambiguous, there is no occasion for construction, and the language used must be given its plain and commonly accepted meaning." That decision was followed by the court in Rice v. Aetna Cas. & Surety Co. 267 N. C. 421, 148 S. E. (2d) 223. The United States District Court in the Speight case held nearly identical statutory language to be free from ambiguity. In Stone v. Liberty Mutual Ins. Co. 55 Tenn. App. 189, 192, 397 S. W. (2d) 411, 413, the Tennessee Court of Appeals declined to hold that insolvency rendered defendant uninsured, saying, "we are not justified in departing from the plain terms of the policy." The Missouri court followed the same reasoning in Swaringin v. Allstate Ins. Co. (Mo. App.) 399 S. W. (2d) 131, 133. There, as here, the court was urged to adopt the view that the insurance which was in effect at the time of the accident was of no practical use. The court held that the policy definition of "uninsured automobile," meaning one on which there was "no bodily injury liability insurance applicable at the time of accident," was plain and straightforward language susceptible of only one meaning.

In Topolewski v. Detroit Auto. Inter-Ins. Exch. 6 Mich. App. 286, 290, 148 N. W. (2d) 906, 907, the Court of Appeals of Michigan said that to afford coverage it would have to add to the policy the words "and written by an insurer which remains solvent," and it concluded that "[w]e cannot rewrite the clear agreement of the parties under the guise of interpretation." That case was followed in Rousso v. Michigan Educational Employees Mutual Ins. Co. 6 Mich. App. 444, 149 N. W. (2d) 204. Finally, the most recent decision of which we are aware is Apotas v. Allstate Ins. Co. (Del.) 246 A. (2d) 923. In refusing to hold that insolvency of his liability carrier rendered defendant uninsured, the court

[2] See, Note, 14 U. of Fla. L. Rev. 455; Comment, 20 Ala. L. Rev. 123; Widiss, *Perspectives on Uninsured Motorist Coverage*, 62 Nw. U. L. Rev. 497, 515.

summed up its views in a manner with which we are in accord (246 A. [2d] 925):

"The event of the subsequent insolvency of the issuing company does not alter the fact that there was outstanding at the time of the accident such insurance which precludes liability under the Allstate endorsement. This may seem a harsh result, but the fact remains that the endorsement plainly does not cover the actual event, i. e., the subsequent insolvency of Chesapeake. The language of the endorsement being free from doubt, the plaintiffs are bound by its plain meaning."

The cases which plaintiff cites in support of her claim have either not involved the question of insolvency, as in Vanguard Ins. Co. v. Polchlopek, 18 N. Y. (2d) 376, 275 N. Y. S. (2d) 515, 222 N. E. (2d) 383, or have construed policies which, unlike the one before us, include a definition of "uninsured," either by statute or in the policy, to cover the situation where there is insurance but the company "denies coverage." State Farm Mutual Auto. Ins. Co. v. Brower, 204 Va. 887, 134 S. E. (2d) 277; North River Ins. Co. v. Gibson, *supra*; McCaffery v. St. Paul Fire & Marine Ins. Co. 108 N. H. 373, 236 A. (2d) 490; Travis v. General Acc. Group, 31 App. Div. (2d) 20, 294 N. Y. S. (2d) 874; Pattani v. Keystone Ins. Co. 426 Pa. 332, 231 A. (2d) 402; Katz v. American Motorist Ins. Co. 244 Cal. App. (2d) 886, 53 Cal. Rptr. 669; Stephens v. Allied Mutual Ins. Co. 182 Neb. 562, 156 N. W. (2d) 133.

Some courts have refused to hold a motorist uninsured where the policy has defined an uninsured motorist as one whose liability carrier denies coverage. Illinois Nat. Ins. Co. v. Rose, *supra*; Seabaugh v. Sisk (Mo. App.) 413 S. W. (2d) 602. In the Seabaugh case the court recognized, as we do, that notwithstanding its decision may operate harshly or inequitably, the court cannot rewrite the policy.

Accordingly, consistent with what appears to be the unanimity of authority, we hold that the fact of insolvency subsequent to the accident did not render Miss Fernholz uninsured within the meaning of Miss Baune's insurance policy, and the judgment of the district court is therefore affirmed.

Affirmed.