**Preferred Risk Mutual Insurance Company, a Corporation, Plaintiff-Appellant, v. Howard Glenzer, Defendant-Appellee.**

**Gen. No. 54,453.**

First District, Fourth Division.

June 26, 1970.

Hinshaw, Culbertson, Moelmann, Hoban and Fuller, of Chicago, for appellant.

No brief filed for appellee.

MR. JUSTICE ENGLISH delivered the opinion of the court.

Plaintiff brought this action seeking a declaratory judgment with respect to the uninsured motorist clause in its automobile insurance policy issued to defendant. Plaintiff's complaint stated that defendant, while operating his automobile insured under plaintiff's policy, allegedly sustained injuries on April 22, 1967, in a collision with an automobile being operated by France Alpert. Alpert's automobile was covered by a policy issued by the Progressive General Insurance Company. Subsequent to the occurrence, Progressive was declared insolvent. Plaintiff contends that defendant is not entitled to coverage under the uninsured motorist clause of the policy since Alpert's automobile was not "uninsured" as that term is defined in the policy. The trial court entered judgment on the pleadings in defendant's favor, and plaintiff has appealed.

■ No brief has been filed by defendant in this court, but we shall, nevertheless, determine the appeal on its merits. Daley v. Jack's Tivoli Liquor Lounge, Inc., 118 Ill App2d 264, 254 NE2d 814.

The sole issue for our consideration is whether Progressive's insolvency subsequent to the accident entitles defendant to coverage under the uninsured motorist provision of plaintiff's policy. At the time of the accident, the applicable statute did not define the term, "uninsured motor vehicle." It did provide that an automobile liability policy must contain coverage against injury or death caused by uninsured vehicles, with the proviso that the insured could elect to reject such coverage. Ill Rev Stats 1965, c 73, § 755a. Plaintiff's policy issued to defendant furnished this coverage, defining an "uninsured automobile" as:

143

> An automobile with respect to the ownership, maintenance or use of which there is no bodily injury liability bond or insurance policy applicable *at the time of the accident* with respect to any person or organization legally responsible for the use of such automobile. (Emphasis added.)

 This same situation, involving the exact language of plaintiff's policy, arose in the case of Dreher v. Aetna Casualty & Surety Co., 83 Ill App2d 141, 226 NE2d 287. There, the court determined that the definition of an uninsured automobile was unambiguous and that coverage was properly denied in spite of subsequent insolvency of the insurer. The court, in Dreher, cited numerous similar decisions from other jurisdictions. We reach the same result in the case at bar. The date of the accident is the critical time for determination of the coverage issue, and it is undisputed that at that time Alpert was not uninsured. Defendant is therefore precluded from coverage in this case.

Our decision does not conflict with that of Illinois Nat. Ins. Co. v. Rose, 93 Ill App2d 329, 235 NE2d 675, where the court ruled that the subsequent insolvency entitled defendant to coverage under the uninsured motorist provision of his policy with plaintiff. That case is distinguishable from the instant one because in Illinois National the policy definition of "uninsured motor vehicle" included the circumstance where coverage under an applicable policy had been denied, the court holding that insolvency amounted to denial of coverage. That point is not before us here.

 The Illinois Insurance Code was amended on June 28, 1967, to include the definition of an "uninsured motor vehicle" as a "motor vehicle where on, prior to or *after the accident date* the liability insurer thereof is unable to make payment with respect to the legal liability of its insured . . . ." (Emphasis supplied.) Ill

Rev Stats 1967, c 73, § 755a(2). However, defendant is afforded no relief by this amendment, since his accident occurred prior to the enactment of the amendment, and the same section of the statute is, by its express terms, applicable only to accidents occurring after its effective date.

Accordingly, the judgment of the Circuit Court is reversed and the cause is remanded with direction to enter a declaratory judgment in favor of plaintiff, as prayed for in its complaint.

Reversed and remanded with directions.

STAMOS, P. J. and DRUCKER, J., concur.