ALLSTATE INSURANCE COMPANY, Plaintiff-Appellant, *v.* LOTTIE ADAMSKI *et al.,* Defendants-Appellees.

(No. 54420;

First District—May 28, 1971.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago, (John M. Moelmann, John L. Kirkland, and D. Kendall Griffith, of counsel,) for appellant.

Harold A. Liebenson, Harry J. Director, and Edward G. Raszus, all of Chicago, for appellees.

Mr. JUSTICE LORENZ delivered the opinion of the court:

This is a declaratory judgment action in which plaintiff, Allstate Insurance Company, seeks a declaration that defendants are not entitled to

benefits under the uninsured motorist coverage of an insurance policy issued by it. Judgment for defendants was entered on the pleadings and plaintiff brings this appeal.

Novakowski was insured under a policy of automobile liability insurance issued by plaintiff containing uninsured motorist coverage. On May 16, 1965, Novakowski was driving his automobile with Lottie Adamski as a passenger when his auto collided with an automobile operated by Jay Kaplan. Novakowski and Adamski alleged injuries as a consequence of that accident. Kaplan was insured under an automobile liability insurance policy issued by Trans-World Mutual Casualty Company.

On November 2, 1967, the Circuit Court of Cook County decreed Trans-World Mutual Casualty Company insolvent and ordered its liquidation. On the basis of the uninsured motorist coverage in the policy written by plaintiff, defendants filed a demand for arbitration with the American Arbitration Association. Plaintiff advised the Association that defendants' claims for benefits under the uninsured motorist provision were without merit and asked that their request for arbitration be dismissed. Plaintiff then instituted this suit for declaratory relief.

Plaintiff's contention is that the insolvency of Kaplan's insurer more than one year after the accident takes Kaplan's auto outside the definition of "uninsured automobile" as that term is defined in the policy issued by plaintiff. The definition of "uninsured automobile" stated in the policy reads:

> "5. 'Uninsured Automobile' means an automobile: * * * (b) with respect to which there is a bodily injury liability insurance policy or bond applicable at the time of the accident, but the company writing the same becomes insolvent within one year after such accident, or denies coverage thereunder; * * *"

The insolvency of Trans-World Mutual Casualty Company, decreed on November 2, 1967, occurred nearly two and one-half years after the collision. It is therefore clear that if the stated definition of "uninsured motorist" is valid and enforceable the policy does not provide coverage.

Plaintiff argues that the applicable Illinois Statute pertaining to uninsured motorist coverage, (Ill. Rev. Stat. 1963, ch. 73, sec. 755a), did not define "uninsured motorist" and that the contract definition is therefore controlling.

In *Dreher v. Aetna Casualty and Surety Co.* (1967), 83 Ill.App.2d 141, the court considered an uninsured motorist clause which defined "uninsured automobile" as one for which "there is no bodily injury liability bond or insurance policy applicable *at the time of the accident* * * *." (Emphasis supplied.) The issue was whether, under the Illinois Statute, an insurance contract including this definition of "uninsured auto" should

be required to provide uninsured motorist coverage where the liability insurance carrier on the automobile in question becomes insolvent subsequent to the date of the accident. The court, in holding that uninsured motorist coverage was not applicable in these circumstances, stated at 143:

> "It is true that an insurance policy should be liberally construed in favor of the policyholder. However, we find nothing either in the statute or the case law to sustain the contention that the public policy of this State, at the time, required that an insurance company extend coverage beyond the terms of its contract of insurance to include an automobile which was insured at the time of the accident but which subsequently becomes uninsured by reason of the insolvency of the carrier."

And at 144:

> "* * * [T]he parties to an insurance contract have the right to incorporate in it such provisions, not in violation of the law, as they might elect, and the courts must construe and enforce the contract as made. The court has no right to make a new contract for the parties."

We believe that the language in *Dreher* is applicable to the case at bar. See also *Preferred Risk Mutual Insurance Co. v. Glenzer* (1970), 127 Ill.App.2d 142, at 144.

Though the General Assembly in 1967 amended the statute specifying uninsured motorist coverage in insolvency situations (Ill. Rev. Stat. 1967, ch. 73, § 755a(2)), that amendment is by its terms prospective only and therefore not controlling here. (See *Illinois National Insurance Co. v. Rose* (1968), 93 Ill.App.2d 329, at 333.) We therefore conclude that the disputed provision in plaintiff's policy is not in conflict with the applicable statute.

Similarly, though true, as defendants assert, that contracts of insurance are to be liberally construed in favor of the insured there is no doubt or ambiguity here requiring the application of any such rule of construction. (See *Reiner v. St. Paul Fire & Marine Insurance Co.* (1969), 106 Ill.App.2d 210, at 215.) The contract clearly specified that coverage applied where the liability insurer became insolvent within one year after the accident. Here, Trans-World Mutual Casualty Company was decreed insolvent well beyond that one-year limitation.

Finally, we are in agreement with plaintiff's contention that the words, "or denies coverage thereunder," quoted above from the policy definition of "uninsured automobile" do not extend coverage under the instant circumstances. Defendants' reliance upon *Illinois National Insurance Co. v. Rose* (1968), 93 Ill.App.2d 329 is misplaced. In that case the Appellate

Court, Third District, held that subsequent insolvency constituted a denial of coverage which would give rise to a valid claim under the typical uninsured motorist provision which did not state the application of the policy in insolvency situations. That case, however, is distinguished from the case at bar by the fact that though both policies provided uninsured motorist protection where the liability insurer denied coverage, the instant policy, unlike that before the court in *Illinois National Insurance*, specifically limits uninsured motorist coverage in situations of insolvency to insolvencies occurring within one year after the accident.

For the foregoing reasons we conclude that the Circuit Court erred in entering judgment for the defendants. The judgment is therefore reversed and the cause remanded with instructions to grant the relief sought by plaintiff in its complaint.

Reversed and remanded with directions.

ENGLISH, P. J., and DRUCKER, J., concur.