## No. C-342

### Elaine M. Morgan v. Farmers Insurance Exchange, an inter-insurance exchange
(511 P.2d 902)

Decided July 9, 1973.

Brenman, Sobol & Baum, Stephen N. Berkowitz, for petitioner.

Wolvington, Dosh, DeMoulin, Anderson and Campbell, Laird Campbell, for respondent.

Irvin M. Kent, Charles F. Brega, Kenneth N. Kripke, for Colorado Trial Lawyers Association as amicus curiae.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

■■ We granted certiorari to review the Colorado Court of Appeals 2-1 decision in this matter reported in 31 Colo. App. 531, 506 P.2d 375 (1972). The Court of Appeals there held that insolvency of a tort-feasor's insurance carrier, occurring subsequent to the automobile accident, does not create coverage under the "uninsured motorist" provision of the injured party's insurance policy. We reverse.

This was a declaratory judgment proceeding brought by the plaintiff Farmers Insurance Exchange.

The defendant, Mrs. Morgan, was involved in an automobile accident on March 19, 1970. She obtained a judgment against George Solario, the other party to the accident. Solario was insured by Trans Plains Casualty Company which became insolvent following the rendition of the judgment.[1] Mrs. Morgan was insured by the plaintiff and made demand for payment under the uninsured motorist provisions of the policy issued to her.

The policy issued by plaintiff defines an uninsured motor vehicle as follows:

"Uninsured Motor Vehicle means a land motor vehicle or trailer with respect to the ownership, maintenance or use of which there is, in at least the amounts specified by the financial responsibility law of the state in which the insured automobile is principally garaged, no bodily injury liability insurance or bond applicable *at the time of the accident* or a land motor vehicle or trailer used without the permission of the owner thereof if there is no bodily injury liability insurance or bond applicable at the time of the accident with

---

[1] The record reflects that there were a Trans Plains Casualty Company and a Trans Plains Insurance Company, both of which became insolvent. While the Court of Appeals opinion refers to the Trans Plains Insurance Company, the record has been perfected here to show that actually Solario was insured by Trans Plains Casualty Company.

respect to the operator thereof, or a hit-and-run motor vehicle." (Emphasis added.)

Some policies provide that denial of coverage by the tort-feasor's insurance company will cause the injured insured to be entitled to coverage under the uninsured motorist provision. This policy contained no such provision.

The trial court concluded that the terms of the policy were unambiguous and that since Solario's policy was in effect at the time of the accident, Mrs. Morgan was not entitled to uninsured motorist coverage under her policy. The Court of Appeals affirmed, citing *Dreher v. Aetna Casualty & Surety Co.*, 83 Ill. App. 2d 141, 226 N.E.2d 287 (1967), and the Annotation in 26 A.L.R.2d 883. The following is taken from that opinion:

"The statute does not require that coverage be extended, as do the statutes of some states, to cover the situations where the third party's insurance company denies coverage or, as here, becomes insolvent before the payment of the liability."

The dissent in our Court of Appeals followed *Tsapralis v. Public Employees Mutual Casualty Co.*, 77 Wash. 2d 581, 464 P.2d 421 (1970).

The Colorado statute compels insurance companies writing motor vehicle liability policies to extend uninsured motorist coverage unless the insured shall reject such coverage. The General Assembly has made the following declaration of purpose:

"The general assembly is acutely aware of the toll in human suffering and loss of life, limb, and property caused by negligence in the operation of motor vehicles in our state. Although it recognizes that this basic problem can and is being dealt with by direct measures designed to protect our people from the ravages of irresponsible drivers, the general assembly is also very much concerned with the financial loss visited upon innocent traffic accident victims by negligent motorists who are financially irresponsible. In prescribing the sanctions and requirements of section 72-12-19 and article 7 of chapter 13, it is the policy of this state to induce and encourage all motorists to provide for their financial responsibility for the protection of others, and to assure the

widespread availability to the insuring public of insurance protection against financial loss caused by negligent financially irresponsible motorists." 1965 Perm. Supp., C.R.S. 1963, 72-12-20.

In oral argument, counsel for Mrs. Morgan stated in effect that this statement of purpose is stronger in its expressed intent to protect people from uninsured drivers than any similar statement of any statute of any other state. Be that as it may, we find the statement of policy most persuasive in concluding that Mrs. Morgan is entitled to uninsured motorist protection.

The plaintiff has cited a number of cases involving similar fact situations in which it was held that the event of subsequent insolvency does not alter the fact that there was outstanding at the time of an accident insurance which precludes liability under the uninsured motorist provisions. *Apotas v. Allstate Insurance Company,* 246 A.2d 923 (Del. Supr. 1968); *Dreher v. Aetna Casualty & Surety Co., supra; Rousso v. Michigan Educational Emp. Mutual Insurance,* 6 Mich. App. 444, 149 N.W.2d 204 (1967); *Topolewski v. Detroit Automobile Inter-Ins. Exchange,* 6 Mich. App. 286, 148 N.W.2d 906 (1967); *Baune v. Farmers Insurance Exchange,* 283 Minn. 54, 166 N.W.2d 335 (1969); *Swaringin v. Allstate Insurance Co.,* 399 S.W.2d 131 (Mo. App. 1966); *Hardin v. American Mutual Fire Insurance Co.,* 261 N.C. 67, 134 S.E.2d 142 (1964); and *Stone v. Liberty Mutual Insurance Company,* 55 Tenn. App. 189, 397 S.W.2d 411 (1965).

*Amicus Curiae* call attention to the fact that several of the cases just cited relied on *Federal Insurance Company v. Speight,* 220 F. Supp. 90 (1963), which subsequently in effect was overruled by *North River Insurance Company v. Gibson,* 244 S.C. 393, 137 S.E.2d 264 (1964).

The plaintiff has argued ably that, with one exception, the cases in point which permit recovery under the uninsured motorist provisions involve either a policy provision or a statute which permits recovery if subsequent to the accident the tort-feasor's insurance company denies coverage; and

these cases hold that the subsequent insolvency is a denial of coverage. According to plaintiff's counsel, the only exception is *Tsapralis v. Public Employees Mutual Casualty Company, supra.* We elect to follow that opinion and the concurring opinion of Mr. Justice Roberts in *Pattani v. Keystone Insurance Company,* 426 Pa. 332, 231 A.2d 402 (1967).

In *Tsapralis,* it was said:

"Applying those principles to the term 'uninsured' automobile as defined in the insurance contract before us, we believe that a reasonable and proper interpretation placed upon it by an insured would lead him to conclude that when the tortfeasor's insurance carrier is unable to pay his valid claim, then there was no insurance 'applicable at the time of the accident.' An injured party is as much unprotected by a tortfeasor's insurance carrier which becomes insolvent subsequent to the injury as is one injured by a tortfeasor whose insurance carrier became insolvent immediately before the accident. It is not the moment of impact that an insured logically considers of consequence in contracting for protection against an ninsured motorist — rather, it is the ability of the tortfeasor's insurance carrier to respond in damages for a lawful claim that is the realistic and natural concern of the insured. If the tortfeasor's legal inability to pay that lawful claim occurs after the accident, then that legal inability (insolvency here) should be said, on a relation back in time theory, to have existed at the time of the accident."

In *Pattani, supra,* the majority opinion related back the insolvency to the time of the accident by reason of a denial-of-coverage provision. Mr. Justice Roberts wrote:

"I join in the majority opinion, but I wish to add that the result reached therein is, in my view, mandated not only by the contract provisions of this specific policy but also by the Uninsured Motor Vehicles Statute, Act of August 14, 1963, P.L. 909, 40 P.S. § 2000. An uninsured motorist is one who is without effective insurance coverage and is thus incapable of satisfying the minimum liability imposed by the Legislature. Clearly the Legislature did not intend to restrict the benefits of the Uninsured Motor Vehicle Act to those cases

where the tortfeasor lacks insurance at the moment of injury or where his insurance carrier denies recovery, since realistically, one injured by a tortfeasor whose carrier is or has become insolvent prior to the satisfaction of his claim is just as unprotected as is the person injured by a tortfeasor who has no insurance at all.

"Thus, I read the statute to mean that when the defendant's insurance company, for whatever reason, fails to assume its responsibility under the contract existing between the company and the tortfeasor, that tortfeasor, so far as both the statute and the injured person are concerned, is an uninsured motorist. In either circumstance, the injured person's insurance carrier must provide substitute coverage; if it were otherwise the obvious legislative purpose would not be fulfilled."

We hold, therefore, that Mrs. Morgan was entitled to coverage under the uninsured motorist provision of the plaintiff's policy.

The majority opinion of the Court of Appeals is reversed and the cause remanded to it for appropriate remand to the district court.

MR. JUSTICE HODGES concurs in the result.

MR. JUSTICE LEE dissents.