977 F.2d 590
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
MONTANA INSURANCE GUARANTY ASSOCIATION, Plaintiff-Appellant,
v.
AUTOMOBILE CLUB INSURANCE COMPANY, Defendant-Appellee.
 No. 91-35671.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 6, 1992.
Decided Oct. 15, 1992.
 
 Before HUG, FLETCHER and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The issue in this case is whether the insolvency of an insurer, occurring after the accident, qualifies the insured tortfeasor as an uninsured motorist under the terms of the victim's insurance policy. The district court found that it does not. The Montana Insurance Guaranty Association ("MIGA"), a statutorily-created entity that steps in to cover claimants who would otherwise suffer a loss due to the insolvency of an insurer, timely appeals from the summary judgment granted in favor of the claimant's insurance company, Automobile Club Insurance Company ("Auto Club").
 
 
 3
 The district court's jurisdiction was based upon diversity, pursuant to 28 U.S.C. § 1332. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the grant of summary judgment. T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 629 (9th Cir.1987).
 
 I.
 
 4
 Marsha Guerrero was injured in an automobile accident on September 18, 1984, when a car she was driving was struck by a truck driven by an employee of Carl Weissman & Sons. Weissman & Sons Co. was insured by Mission Insurance Company, and Guerrero was insured by Auto Club. After the accident, Mission Insurance paid Guerrero for medical expenses and lost wages resulting from the accident. Mission Insurance also attempted to settle Guerrero's claims against Weissman & Sons, but Mission's initial offer was rejected, and Mission became insolvent before settlement was achieved. Mission's insolvency resulted in the revocation of its Certificate of Authority by the Montana Insurance Commissioner's office on June 19, 1987.
 
 
 5
 Guerrero's insurer, Auto Club, entered into an agreement with MIGA on August 19, 1988, in order to prevent unnecessary delay in the resolution of the claim. Auto Club agreed to contribute fifty percent towards settlement or payment of judgment. Neither party waived the right to bring an action to determine the responsibility of the insurance companies to pay the claim. The claim was settled on September 13, 1989, and on January 12, 1990, MIGA brought a declaratory judgment action to recover from Auto Club the $35,000.00 MIGA paid to settle Guerrero's claim.
 
 
 6
 The district court denied MIGA's motion for summary judgment and granted Auto Club's motion, holding that Auto Club's denial of coverage was appropriate, the policy was unambiguous, and the insured did not qualify as an "uninsured motorist." Order of April 26, 1991.
 
 II.
 
 7
 MIGA contends that its obligation to the Guerreros never accrued. MIGA argues that Auto Club improperly denied coverage and, thus, that the Guerreros failed to exhaust their rights against Auto Club. Montana law provides that claimants must exhaust their rights under any policy other than a policy of an insolvent insurer before seeking to recover from the Guaranty Association. Mont.Code Ann. § 33-10-115 (1991).
 
 
 8
 Auto Club denied coverage on the ground that the Weissman vehicle was not uninsured at the time of the accident, according to the terms and definitions of the Auto Club policy. The Auto Club policy defined "uninsured automobile" as:
 
 
 9
 An automobile with respect to the ownership, maintenance or use of which there is no bodily injury liability bond or insurance policy applicable at the time of the accident with respect to any person or organization legally responsible for the use of such automobile....
 
 
 10
 (Emphasis added.)
 
 
 11
 The policy unambiguously states that an uninsured vehicle must be uninsured at the time of the accident. Montana law also defines an uninsured motor vehicle as "a land motor vehicle ... which is not insured or bonded for bodily injury liability at the time of the accident." Mont.Code Ann. § 33-23-201(1) (1991). However, MIGA argues that the existence of the Mission policy, in effect at the time of the accident, does not mean that the vehicle was insured. MIGA reasons that the Auto Club policy definition of "uninsured" would be understood by an insured to mean that if the tortfeasor's insurance carrier is ultimately unable to pay the claim, then the tortfeasor would be considered "uninsured."
 
 
 12
 MIGA relies upon cases from other jurisdictions for this proposition. See Morgan v. Farmers Ins. Exch., 511 P.2d 902, (Colo.1973); Tsapralis v. Public Employees Mut. Cas. Co., 464 P.2d 421 (Wash.1970). In those cases, the courts reasoned that the tortfeasors were effectively uninsured at the time of the accident because their insurance carriers became insolvent subsequent to the accidents. MIGA points to other jurisdictions that have concluded that their respective exhaustion requirements are designed to make their insurance guaranty associations sources of last resort. Thus, MIGA argues, as a matter of public policy, the uninsured motorist provision of the Auto Club policy should be construed liberally in favor of coverage.
 
 
 13
 MIGA's argument is inconsistent with the Montana Supreme Court's interpretation of the Montana uninsured motorist statute. See Murray v. Montana Ins. Guar. Ass'n, 573 P.2d 196, 198 (Mont.1977); Mont.Code Ann. § 33-23-201 (formerly Section 40-4403, R.C.M. 1947). The Murray court clearly stated that losses "involving the insolvency of an insurer are more directly covered by the Montana Insurance Guaranty Association Act" than by uninsured motorist clauses. Id.
 
 
 14
 MIGA argues that Murray should be distinguished because it was concerned with policy language regarding the denial of coverage, rather than with language regarding the absence of coverage. The policy at issue in Murray defined "uninsured automobile" as an automobile for which no policy was applicable at the time of the accident, or one for which a policy was applicable but coverage was denied. Id. at 197. The court rejected the argument that when an insurer became unable to pay due to insolvency, it effectively denied coverage within the meaning of the policy. Id. at 197-98.
 
 
 15
 Implicit in the court's holding was its finding that the policy at issue was in effect at the time of the accident; post-accident insolvency did not retroactively invalidate the policy. Thus, Murray provides clear guidance.
 
 
 16
 We hold that Auto Club properly denied coverage. Under the unambiguous terms of the Auto Club policy, the Weissman & Sons vehicle was not uninsured at the time of the accident.
 
 
 17
 The judgment of the district court is AFFIRMED.